BERTHA F. BOYNTON, executrix, *vs.* LIZZIE D. TARBELL & others.

Middlesex. November 12, 1929. — July 1, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court*, Costs, Decree, Appeal. *Attorney at Law. Words*, "Costs as between solicitor and client."

The word "costs" in connection with proceedings in courts imports an allowance to a party by way of penalty against a defeated party or of indemnity to a victor, as an incident of litigation; so far as awarded to the successful party, costs are designed to mitigate to a greater or less extent the necessary expenses incurred in the conduct of litigation. Per RUGG, C.J.

The allowance, in a decree upon a petition in a probate court for instructions, of costs to be taxed "as between solicitor and client" means that this item of costs to be paid out of a fund is to be ascertained by consideration of the relation between the party thus entitled to costs, as client, and the attorney at law employed by him to conduct the litigation.

The use of the word "solicitor" in that phrase carries no implication that the solicitor is to be awarded the costs; it only directs attention to him as the one with reference to whom the party has been caused expense.

Counsel fees are awarded, not as separate and distinct from costs, but as a part of costs; and they belong to the party or client and not to the attorney.

Upon appeal from a decree of a probate court upon a petition for instructions by the executor under a will, the rescript from this court ordered the decree affirmed, "Costs as between solicitor and client to be in the discretion of the judge of probate." Thereafter, by order of the judge of probate, a decree was entered containing no recital of a hearing on the matter of costs and allowing from the estate to the attorney for the respondent a specified sum for his services and expenses as "costs as between solicitor and client." Upon appeal by the executor, it was *held*, that

(1) Such sum allowed to the attorney should have been allowed to the respondent as something by way of indemnity for the expense incurred by him in the litigation;

(2) The award of costs should have been made by the judge of probate only after a hearing of the parties in interest, and there should have been a recital as to such hearing in the decree;

(3) The decree was erroneous and must be reversed.

*Whether* the sum allowed as costs was excessive was not presented by the record on the appeal above described and *was not decided.*

PETITION for instructions, filed in the Probate Court for the county of Middlesex on June 2, 1926, and afterwards amended.

The case previously was before this court upon an appeal by certain respondents from a final decree, which was affirmed in a decision reported in 266 Mass. 454. The rescript and the final decree after rescript, entered by order of *Harris,* J., are described in the opinion. The petitioner appealed from the decree.

*S. M. Salny,* for Bertha F. Boynton, executrix and trustee, submitted a brief.

*E. W. Baker,* for Bertha F. Boynton, individually, submitted a brief.

*P. D. Turner,* for Beatrice Wallace Duffey.

*F. M. Qua & H. A. Brown,* for Adelaide L. Tarbell, administratrix, submitted a brief.

RUGG, C.J. This is a petition for instructions as to the meaning of certain clauses in a will. There were several more or less adversary parties, each represented by counsel. The case was decided on its merits in 266 Mass. 454. The rescript following that decision, after disposing of the issues raised, contained this clause: "Costs as between solicitor and client to be in the discretion of the judge of probate." After that rescript a decree was entered by that judge. It contains no recital of a hearing on the question of such costs. It further orders that there be allowed from the estate "costs as between solicitor and client" to each of four named solicitors, a specified sum for services set opposite the name of each solicitor, in two instances an additional sum for expenses and disbursements and in one instance an additional sum for disbursements. The executrix and

trustee appealed in her official capacity and as an individual party in interest.

The phrase of the rescript, time-honored and in common use, is that costs as between solicitor and client are to be taxed. The word "costs" in connection with proceedings in courts imports an allowance to a party by way of either penalty against a defeated party or indemnity to a victor. It is an incident of litigation. So far as awarded to the successful party, costs are designed to mitigate to a greater or less extent the necessary expenses incurred in the conduct of litigation. *Dahlstrom Metallic Door Co.* v. *Evatt Construction Co.* 256 Mass. 404, 417, 418. This is the nature and purpose of costs whether founded on express statute or awarded by the courts in the exercise of their general jurisdiction. *Burrage* v. *County of Bristol,* 210 Mass. 299. *Fuller* v. *Trustees of Deerfield Academy,* 252 Mass. 258. It is of the essence of costs in law that they go to a party in litigation. There is no foundation in reason, considering the nature and purpose of costs, to award costs to any one other than a party. Authorities in other jurisdictions are to that effect. *Henry* v. *Superior Court,* 93 Cal. 569. *In re Knowles,* 23 N. H. 193, 197. Expenses of surveys and plans in appropriate cases may be taxed as costs. But it would seem absurd to order that item paid directly to the civil engineer instead of to the party who had employed him.

The allowance of costs to be taxed "as between solicitor and client" means that this item of costs to be paid out of the fund is to be ascertained by consideration of the relation between the party thus entitled to costs, as client, and the attorney at law employed by him to conduct the litigation. The use of the word "solicitor" in this connection carries no implication that the solicitor is to be awarded the costs. It only directs attention to him as the one with reference to whom the party has been caused expense. The amount to which the party is entitled is to be calculated with regard to his attorney. Since there is no mathematical yardstick by which to measure that item of costs, as there is to ascertain taxable costs under G. L. c. 261, §§ 23, 26,

27, it must be determined by the judge. As was decided long ago, the full amount charged by counsel to his client is not necessarily to be allowed. The general rule is that the compensation paid to public officers for services of a similar character constitutes the standard, subject to such variations in a particular case as may be determined in the exercise of wise discretion having regard to all pertinent factors. *Frost* v. *Belmont,* 6 Allen, 152, 165. Counsel fees are awarded not as separate and distinct from costs but as a part of costs. They constitute one item in taxing costs. It is the design of such direction not to require the court to determine the amount of fees which the client should pay his counsel but only to determine that item of costs. Costs belong to the party or client and not to the attorney. *Dwyer* v. *Ells,* 208 Mass. 195. *Bruce* v. *Anderson,* 176 Mass. 161, 163. In other jurisdictions the same decision has been made where attorney fees have been included in costs. *Vaughan* v. *Humphreys,* 153 Ark. 140. *Matter of Howell,* 215 N. Y. 466, 474. While this particular point has not been raised in petitions for instructions as to the interpretation of wills, the language of this and other courts has been to the effect that counsel fees awarded as costs are to be paid to parties. See, for example, *Bliss* v. *American Bible Society,* 2 Allen, 334; *Abbott* v. *Bradstreet,* 3 Allen, 587; *Brown* v. *Wright,* 194 Mass. 540, 546; *Guay* v. *Holland System Hull Co.* 244 Mass. 240, 247; *Trustees* v. *Greenough,* 105 U. S. 527, 536; *Andrews* v. *Barnes,* 39 Ch. Div. 133, 138–141. See Perry on Trusts (7th ed.) § 894. See 22 Am. L. R. 1203, for collection of cases.

In principle this point is covered by *Conley* v. *Fenelon,* 266 Mass. 340, where it was held that under G. L. c. 215, § 45, counsel fees could not be awarded directly to attorneys as costs and expenses of a party in a contested will case. That statute was designed to extend to the peculiar probate jurisdiction the power to award counsel fees as a part of costs which has long been exercised in suits in equity like the one at bar; it was intended by the use of the word "party" in that statute not to impose an unusual limita-

tion but merely to extend a jurisdiction familiar in other connections to the class of cases there described.    See *Mulloney* v. *Barnes*, 266 Mass. 50.

It follows that "costs" as used in the rescript previously issued means the only legal sense attaching to the word, namely, something in way of indemnity for expenses incurred to be paid to a party to the litigation, and that the decree must be reversed.

The decree was wrong in another particular.    The judge had no authority to award costs in accordance with the rescript except after a hearing to the parties in interest. The fact of such hearing should be recited in the decree.

It has been urged that some of the fees allowed are excessive and ought to be reduced.    That contention on inspection and comparison of the figures seems to have some foundation.    Ordinarily the amount of such fees rests upon the sound and deliberate judicial conclusion of the trial judge, but an error amounting to abuse of discretion may be corrected when presented by appropriate proceedings. *Newton* y. *Consolidated Gas Co.* 259 U. S. 101, 105.    But the question is not raised on this record in such form that it can be decided, since there is no report of evidence or finding of facts.

*Decree reversed.*