NORTH ADAMS NATIONAL BANK, trustee, *vs.* ROY A. CURTISS & others.

Berkshire.    February 9, 1933. — October 27, 1933.

Present: RUGG, C.J., CROSBY, WAIT, DONAHUE, & LUMMUS, JJ.

*Devise and Legacy*, Residue. *Trust*, Principal or income. *Probate Court*, Costs. *Words*, "Residuary estate."

A testator, after providing in twenty-one clauses of his will for the payment of his debts and funeral expenses and for various specific and money legacies and establishing several trusts, in the twenty-second clause directed that there be given to trustees "such bonds or other securities . . . which shall be sufficient to produce the net income of" $12,000 per year and that such income "to the extent of (and not to exceed)" that sum per year be paid to his wife during her lifetime; and further provided that the principal "shall be and become part of my residuary estate and be disposed of as hereinafter provided"; and directed that if the income should "not be sufficient in any year during the life" of his wife "to produce the said annuity" the trustees

should use so much of the principal as might be necessary to make up the deficiency, and that, "if the income . . . shall be more than enough to pay said annuity in any year during the life of my said wife, then I direct that such excess shall be and become at the end of any such year a part of my residuary estate and be disposed of as such." In the twenty-third clause he disposed of the residue of his estate, providing that it be divided into two equal parts, each to constitute a trust, the income of one to be paid to a daughter with a power of appointment of the principal to be exercised by her in her will, and the income of the other to be paid to a son with a remainder over. The daughter died and by her will exercised the power of appointment by establishing four trusts. While the daughter still was living, the income from the trust established for the widow's benefit for several years exceeded $12,000. The trustees retained such excess until after the death of the daughter, when they distributed one half of it as principal among the trusts established by her will under the power of appointment given her, and the other half to the principal of the trust for the benefit of the son. Upon a petition by the trustees of the father's will for instructions, a decree was entered approving such action by the trustees. The executor of the will of the daughter appealed. *Held,* that

(1) The language of the will was not ambiguous nor equivocal;

(2) The words of the will aptly expressed the intent that the income in excess of $12,000 annually must be added to the principal of the residuary trusts;

(3) Such excess should not be distributed as income among the life beneficiaries of the trusts under the will.

The power of a probate court, derived wholly from statute, to allow in a contested case expenses, and costs taxed as between solicitor and client, is discretionary.

A refusal by the judge of probate, in the proceedings above described, to allow such costs to the executor of the will of the testator's daughter showed no abuse of discretion.

PETITION for instructions, filed in the Probate Court for the county of Berkshire on August 2, 1932, by the trustee under the will of Frank Curtiss, late of Sheffield, of four trusts established under a power of appointment exercised in the will of Sophia Curtiss, his daughter.

The petition was heard on the petition and answers by *Robinson,* J. Other material facts and the final decree are stated in the opinion. The executor of the will of Sophia Curtiss appealed.

*C. T. Phelps,* stated the case.

*J. A. Haughwout,* for Everett J. Esselstyn, executor.

*R. P. Berle,* (*J. W. Lewis* with him,) for Roy A. Curtiss and others.

DONAHUE, J. This is a petition for instructions as to the meaning of the twenty-second clause of the will of Frank Curtiss who died in 1918. By that clause there was given to named trustees "such bonds or other securities" as the testator might have at the time of his death "which shall be sufficient to produce the net income of Twelve thousand Dollars ($12,000) per year" and directed the trustees to pay the net income "to the extent of (and not to exceed) the sum of Twelve thousand Dollars . . . per year" to his wife during her lifetime. It provided that the principal "shall be and become part of my residuary estate and be disposed of as hereinafter provided," and directed that if the income should "not be sufficient in any year during the life" of his wife "to produce the said annuity" the trustees should use so much of the principal as might be necessary to make up the deficiency, and "if the income ⸗ . . . shall be more than enough to pay said annuity in any year during the life of my said wife, then I direct that such excess shall be and become at the end of any such year a part of my residuary estate and be disposed of as such." In the pertinent portions of the twenty-third clause in the will, which disposes of the residuary estate of the testator, it is directed that the residue of the estate be divided into two equal parts to be held in separate trusts and provided that the income of one part should be paid to his daughter Sophia Curtiss during her life. It is further provided that if his daughter should die without issue the trustees should "pay over the principal of said trust fund with any accumulations then thereon to her nephews and nieces . . . in such shares, estates and proportions and upon such terms, conditions and limitations as my said daughter shall by her last Will and Testament duly executed legally direct, limit and appoint . . . ." The other half of the residuary estate was given to the trustees to pay the income to the testator's son Roy A. Curtiss for life with remainder over.

Sophia Curtiss died testate in 1928 without issue. In her will she exercised the power of appointment given her by her father's will, by dividing that part of her father's estate left in trust for her for life into four equal parts, one

part to be held in trust for each of her four nephews, the income to be paid to the nephews for life with remainders over. This was a valid exercise of the power of appointment. *North Adams National Bank* v. *Commissioner of Corporations & Taxation*, 268 Mass. 42. The petitioner, the North Adams National Bank, is surviving trustee of the fund created by the will of Frank Curtiss for the benefit of his wife, who is still living. It is also trustee of the four trust funds created by the will of Sophia Curtiss for the benefit of her four nephews. During the administration of the trust created by the twenty-second paragraph of the will of Frank Curtiss the principal set aside to pay the annuity to his wife produced more income than was required for that purpose. The petitioner in its capacity as trustee of that fund held all the excess income both that which accumulated before and that which accumulated after the death of Sophia Curtiss until 1932, when it paid over to itself as trustee for the nephews of Sophia one half of the amount so held and now holds it as such trustee in four equal shares in the four trusts created by Sophia's will. The other one half of the accumulated excess income it paid over to the trustee for the other half of the residuary estate of Frank Curtiss.

The petition was heard by the judge of probate on the allegations in the petition which were admitted by the answers and the agreement of the respondents that the petitioner held the fund as alleged in the petition. No evidence was introduced. The decree of the Probate Court answering specific requests for instructions in the petition instructed the trustee that under the twenty-second paragraph of the will of Frank Curtiss the "excess income should become a part of the principal of the residuary estate and should be accumulated and disposed of as such principal," and that the excess income which accumulated prior and subsequently to the death of Sophia Curtiss "which has been paid over to and is now held by the petitioner, is so held by it as residuary principal and should be added to the other residuary principal held by the petitioner." The decree also contained a denial of the motion

of the executor of the will of Sophia Curtiss that the court award him reasonable counsel fees and expenses. The executor of the will of Sophia Curtiss has taken an appeal from that decree. It is his contention that accumulated excess income from the fund provided for the benefit of the testator's wife, should be paid to the beneficiaries for life under the trusts created by the residuary clause of the testator's will and by the will of Sophia in exercise of the power of appointment given in the residuary clause of her father's will.

The will expresses the imperative intent that the testator's wife should receive the sum of $12,000 in every year that she survived him. It did not satisfy his purpose to make that yearly payment an annual charge upon funds which he placed in the trusts created by the residuary clause of the will. He directed that there should be separated from the property which should be his at death sufficient securities to produce yearly the stated sum that he desired her to have. He did not make the selection of the securities. He left that task to the judgment of his executors and trustees who as named in the will were a national bank, his nephew, and his son and daughter; the two last named were, during life, the sole beneficiaries of the income of the trust created by the residuary clause. The testator recognized the obvious fact that under the plan he had chosen in making provision for his wife it would be impossible, for those whom he had charged with the duty, to select securities which year after year as long as his wife should live would yield the precise fixed amount which she was to receive. Accordingly he provided for the contingency of a deficiency in the income from those securities and for the contingency of an excess of income above the amount which must yearly be paid to her. He directed that any excess of income "shall be and become . . . a part of my residuary estate and be disposed of as such."

The residuary clause in the will is preceded by twenty-two other clauses which provide for the payment of the testator's debts and funeral expenses, give various specific and money legacies and make several trusts including that

for the benefit of the testator's wife. The residuary clause in terms deals only with "the rest, residue and remainder" of the estate, that is, only with property not earlier in the will devised or bequeathed. The securities which in clause 22 of his will the testator had directed should be selected from his other securities and placed in a separate trust did not, by the later twenty-third clause disposing of the rest, residue and remainder of his estate, pass into the residuary estate. By the terms of the will those securities could not so pass until the death of his wife and then would become part of the residuary estate only by virtue of the provisions of the twenty-second clause. Apart from specific and money legacies in earlier clauses in the will the only gift to his children to be found in the instrument is expressed in the residuary clause. The testator there directs the division of the rest, residue and remainder of his property into two equal parts and places one of the parts in trust for each of his two children who are entitled only to the income thereon for life. There are in the will no words which may be construed as giving to his children during the lifetime of the testator's wife any interest in the income derived from the securities segregated in the trust created for her benefit.

In the natural and ordinary meaning of words the phrase "residuary estate" of which the testator declared that any excess of income from the fund provided for his wife should become a part, signifies that property of the testator which passed under the residuary clause of the will. When the testator said that the excess of income "shall be and become . . . part of my residuary estate and be disposed of as such" he used the precise words employed by him in the preceding paragraph in making disposition at his wife's death of the principal of the fund that provided that income. Read in connection with the rest of the will the language is not ambiguous or equivocal. The words aptly express the thought that the excess income must be added to the principal of the residuary trusts. Since that intent is manifest and not in contravention of any rule of law it must, under the accepted rule for the interpretation of wills,

be given effect.  *Sewall* v. *Elder,* 279 Mass. 473, 477, and cases cited.

The argument of the appellant proceeds upon the assumption that the will manifests the dominant purpose of the testator to make the whole income from his entire estate immediately, available for the use of the beneficiaries for life of the trusts it created.  No such assumption may properly be made in the face of the explicit provision requiring that the excess income from the fund provided for the testator's wife be added to the principal of the trust funds created under the residuary clause.  Cases like *Welch* v. *Hill,* 218 Mass. 327, and *Mayberry* v. *Carey,* 268 Mass. 255, where the wills under consideration contained no such provision, are not here applicable.

The probate judge made no order for the payment of costs or expenses to any party or to counsel.  The appellant has appealed from the denial of his motion for counsel fees and expenses.  The power of a probate court in a contested case to allow costs, taxed as between solicitor and client, and expenses, is derived wholly from statute law. *Mulloney* v. *Barnes,* 266 Mass. 50, 53.  *Boynton* v. *Tarbell,* 272 Mass. 142, 145, 146.  The statute expressly makes the allowance of such costs and expenses discretionary with the judge.  G. L. (Ter. Ed.) c. 215, § 45.  The present record shows no ground for holding that in the denial of the appellant's motion by the probate judge there was any abuse of sound judicial discretion.

*Decree affirmed.*