OLD COLONY TRUST COMPANY, executor, *vs.* THIRD UNIVERSALIST SOCIETY OF CAMBRIDGE & another.

H. W. HOGARTH-SWANN & another, executors, *vs.* THIRD UNIVERSALIST SOCIETY OF CAMBRIDGE & others.

Middlesex.    December 12, 1932. — January 9, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Devise and Legacy,* Identity of legatee. *Evidence,* Competency. *Corporation,* Dissolution, Religious. *Probate Court,* Costs.

Mere nonuser by a religious corporation of its corporate powers works no forfeiture of them and does not operate as a surrender of its charter.

A general legacy in a will to a religious corporation, accurately described therein, should be paid to that corporation where it had not been dissolved and still continued to exist as such, although, previous to the death of the testator, it had conveyed all its property to a second religious corporation and had temporarily suspended the holding of religious services.

At a trial at which certain action by a religious corporation at a meeting thereof was involved, there was no error in excluding the record of what occurred at the meeting, there being no offer of proof to show that the meeting was called legally or that there were articles in the warrant therefor sufficient to direct the attention of the members of the corporation to the question of taking such action.

Votes by a religious corporation at a meeting, which indicated a sense of the meeting to close the church doors, to give up "active services," to transfer the real and personal property of the corporation to another religious corporation and to instruct certain officers "to take all necessary steps for the dissolution of the" corporation, did not extinguish the corporation nor affect its right to receive legacies given to it, there being nothing to show that any effective action with respect to dissolution had been taken pursuant to the votes.

Upon appeal from a decree of a probate court upon a petition by the executor of a will for instructions as to the disposition of a legacy claimed by the appellant, one of the respondents, which decree di-

rected payment of the legacy to another respondent, no error of law nor abuse of discretion appeared in a further provision of the decree ordering the appellant to pay to counsel for the second respondent a certain sum as costs and expenses.

Two PETITIONS for instructions, filed in the Probate Court for the county of Middlesex on May 13, 1931, and December 17, 1931, by the executor of the will of Charles F. Shourds and by the executors of the will of Irving H. Niles, respectively.

The petitions and answers are described in the opinion. The cases were heard together by *Leggat,* J. The evidence was reported. The respondent Massachusetts Universalist Convention offered "a record of the called meeting of the Third Universalist Society of Cambridge, January 19, 1929," signed by a clerk *pro tempore.* The record offered did not show that the clerk *pro tempore* had been sworn. It described the transaction of certain business and set forth the following votes:

"Sense of meeting proposed to learn feeling of those present relative to matter of closing the doors of the church and giving up active services. No one voted to continue services, while nearly all voted to disband. Moved and seconded that the Mass. Convention, upon assuming and agreeing to pay all outstanding liabilities of the Third Universalist Society, as approved by the Board of Trustees of that Society, the said Society convey to the Universalist Convention all its real estate, including the church edifice, and the lot on which it stands on Massachusetts Ave., Cambridge, and a vacant lot adjoining the same, and transfer to said Convention all the fixtures and furnishings contained in said church building, and all other personal property belonging to the said Society, and that . . . [the] Treasurer be authorized, and is hereby authorized and instructed to execute in behalf of the Society, acknowledge and deliver all necessary deeds, bills of sale or other instruments of conveyance thereof to the Massachusetts Universalist Convention. After discussion and further questions, the motion was duly passed. Further voted favorably that upon the winding up of the affairs of the Society and

the proper transfer of the property of the Society to the said Convention, the Trustees be, and they are hereby authorized and instructed to take all necessary steps for the dissolution of the Society."

The record was excluded, "it not appearing in any manner that the clerk of said meeting had been duly sworn to faithfully perform his duties as clerk." Said respondent then offered to show through the clerk *pro tempore* and others what took place at the meeting. This evidence was excluded.

On each petition, a decree was entered directing that the legacy in question therein be paid to the respondent Third Universalist Society of Cambridge, and making the provision for payment of costs and expenses described in the opinion. The respondent Massachusetts Universalist Convention appealed from each decree.

*H. L. Burnham*, stated the first case.

*R. M. Robinson*, stated the second case.

*P. R. Ammidon*, for Massachusetts Universalist Convention.

*R. F. Barrett*, for Third Universalist Society of Cambridge.

RUGG, C.J.    These two petitions raise an identical issue as to the person entitled to a legacy of a specified sum in the will of each of two distinct persons to the "Third Universalist Society of Cambridge," hereafter called the society. From the allegations of the petitions and the answers of the society, it appears that the society for a great many years prior to 1929 occupied a church in Cambridge, that in the early part of 1929 the society voted to transfer its assets to the Massachusetts Universalist Convention (hereafter called the convention), and that, pursuant to vote, the society conveyed the real estate then owned by it to the convention. It was admitted that the society is a religious corporation, organized and existing under the laws of the Commonwealth. That society contends that it is entitled to the legacy. The convention, a Massachusetts corporation, also asserts claim to the legacy. The society admits that it executed and delivered to the con-

vention a bill of sale of all its personal property of every kind, nature and description owned by it, whether used in the church property or located elsewhere, and that it has temporarily suspended the holding of religious services. The society has not been dissolved but continues to exist as a corporation. There is nothing in the record to indicate that any steps have been taken toward the dissolution of the society.

1. There is no doubt about the identity of the legatee. The society is precisely and accurately described in each will. It continues to exist with full corporate powers. It has not been dissolved. It is capable of accepting such legacies as here are in question without overstepping the bounds of its corporate competency. Nonuser by the corporation of its corporate powers works no forfeiture of them and does not operate as a surrender of its charter. *Essex Co.* v. *Commonwealth*, 246 Mass. 242, 248. *Opinion of the Justices*, 237 Mass. 619, 623. There is nothing in the record to impair the right of the society to receive the legacies. *Boston Safe Deposit & Trust Co.* v. *Stratton*, 259 Mass. 465, 475.

The purpose of the legacies does not appear to have failed. They are general in character and are not restricted to any special object. No question is raised on the record as to misappropriation of the legacies or failure to apply them to the general charitable uses implied by a gift to such a corporation as the society.

2. The convention offered the records of the society. There was no adequate offer to show what those records contain. In particular, there is nothing to show that the meeting of the society in question in January, 1929, was legally called, or that there were articles in the warrant for the meeting sufficient in nature to direct the attention of the members of the society to the question whether the corporation should be dissolved. *Meader* v. *West Newbury*, 256 Mass. 37, 40. In the absence of adequate offer of proof, there was no error in excluding the records.

If, however, it be assumed that the record of votes offered although kept by the clerk *pro tempore* who was not sworn

(see *Stebbins* v. *Merritt*, 10 Cush. 27) was admissible, it fails to show any impairment of right by the society to receive the legacies. The votes offered went no further than to indicate a sense of the meeting to close the church doors, to give up "active services," to transfer the real and personal property of the society to the convention, and to instruct the "Trustees" "to take all necessary steps for the dissolution of the Society." Votes of this nature do not extinguish the society nor weaken its right to receive legacies. *Syrian Antiochean Church* v. *Ghize*, 258 Mass. 74, 80–81. There is nothing to justify the conclusion that any effective action has been taken pursuant to the alleged votes.

Finally, each of the testators died subsequently to the proffered votes. The legacies were not then vested in the society, and cannot have been intended to have been within the purview of the votes. The right of the society to receive the legacies is not vitiated by the votes.

The case at bar is distinguishable from *Easterbrooks* v. *Tillinghast*, 5 Gray, 17, where it does not appear that a corporation was involved, or anything more than a voluntary unincorporated association; and also from *Stone* v. *Framingham*, 109 Mass. 303, where, pursuant to a special legislative act accepted by the corporation, a dissolution was held to have been effectuated. The proffered evidence was excluded rightly and in any event its exclusion did the convention no harm.

No reason is disclosed on this record requiring the reversal of that part of each decree which ordered the convention to pay to the counsel for the society $100 as costs and expenses. Power to do this is conferred by G. L. (Ter. Ed.) c. 215, § 45. *Willard* v. *Lavender*, 147 Mass. 15. *Burrage* v. *County of Bristol*, 210 Mass. 299, 300. *Pepper* v. *Old Colony Trust Co.* 268 Mass. 467, 471. For this reason the case at bar is distinguishable from costs in general equity practice illustrated by *Fuller* v. *Trustees of Deerfield Academy*, 252 Mass. 258, 262. Compare *Burroughs* v. *Wellington*, 211 Mass. 494, 496, *Densten* v. *Densten*, 280 Mass. 48, 50, and *Ahmed's Case*, 278 Mass. 180, 185. Costs

are not commonly taxed against a losing party under our probate practice. *Collis* v. *Walker*, 272 Mass. 46, 49. The award of such costs generally rests in sound judicial discretion. In equity the general rule is that a report, *Harris* v. *Mackintosh*, 133 Mass. 228, 231, as well as an appeal, *Wright* v. *Wright*, 13 Allen, 207, 209, *Mulrey* v. *Carberry*, 204 Mass. 378, 381, brings to this court for review questions of discretion. So far as costs in probate and equity are in the discretion of the trial judge, the award or denial may be presumed to be right and ordinarily ought not to be disturbed. *Newton* v. *Consolidated Gas Co. of New York*, 265 U. S. 78, 82, 83. The case at bar is distinguishable also from cases like *Barnes* v. *Springfield*, 273 Mass. 283, 286, and cases cited, where the allowance of costs is placed by special statute in the discretion of the judge. We are not inclined to revise the action of the trial judge on this point. *Boynton* v. *Tarbell*, 272 Mass. 142, 146. See *Donald Campbell & Co. Ltd.* v. *Pollak*, [1927] A. C. 732; *Taylor* v. *Dowlen*, L. R. 4 Ch. 697; *Bew* v. *Bew*, [1899] 2 Ch. 467. No such order is made as to the costs and expenses of this appeal.

In each case the entry may be

*Decree affirmed.*