BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.*
LOWELL T. PRATT & others.

Plymouth. April 4, 5, 1934. — June 4, 1934.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & LUMMUS, JJ.

*Devise and Legacy*, Validity, Construction of particular phrase. *Probate Court*, Appeal.

A testator by his will gave the residue of his estate to two sons or the
survivor of them; and directed that if both sons should predecease
him, the residue should be held in trust to pay, for twenty years after
the testator's death, certain income to the children of a third son of the
testator and, at the end of such period, to pay the principal to those
grandchildren, the issue of any grandchild then deceased to take his
share, or, if there then were living none of those grandchildren nor
issue of them, to pay certain legacies, aggregating $350,000, from the
principal and to pay the balance of the principal to the testator's
heirs determined as of that time. By another paragraph of the will
the testator set up a trust of $50,000 for the benefit of two named
children of the third son, upon the same terms, as to final disposition
of the fund, as those of the trust under the residuary paragraph. One
of the two sons of the testator first mentioned survived him, so that
that son took the entire residue, which would have been ample to
pay said legacies. The two named grandchildren were the only
children of the third son; both survived the testator but died without
issue before the expiration of twenty years after his death. Upon a
petition for instructions as to the disposition of the trust fund of
$50,000, filed after the expiration of said twenty years, it was *held*,
that

(1) Although the trust fund of $50,000, by itself, obviously was
insufficient to pay said legacies, the will, literally construed, did not
provide that said legacies should be a charge only upon the residue;

(2) There was nothing in the will justifying an inference that such
was the testator's intent.

At the time of the hearing of the petition for instructions above described,
the trust fund in question (originally in the sum of $50,000) amounted
to $70,000. Of said legacies, one, of $75,000, was to a religious organi-
zation, part to be used to aid certain clergymen and the rest to be used
for improvements to a certain church; another, in the sum of $50,000,
was to a trustee for the establishment of an old ladies' home; another,
in the sum of $75,000, was to a town for use in acquiring the site of and
in erecting a town house; and another, in the sum of $150,000, was to
the town to be used in the establishment and maintenance of an asylum
and school for destitute children. The town, by vote, and the other

two legatees agreed to accept a *pro rata* share of the $70,000, instead of their legacies in full. Without objection by the Attorney General, who had appeared, a decree was entered ordering the $70,000 to be divided among the three legatees accordingly. Those who were the then heirs of the testator appealed, contending that the amount available in the circumstances for payment of the legacies to the town and to the trustee for the establishment of an old ladies' home was so insufficient that such legacies must fail unless the doctrine of *cy pres* could be applied. *Held*, that

(1) The legacy to the religious organization was not open to the objection which the appellants raised against the legacies to the town and the trustee; so that, even if those two legacies failed on the ground suggested by the appellants, the appellants still could take nothing because the legacy to the religious organization would exhaust the $70,000 available;

(2) In the circumstances, the appellants had no concern in the manner in which the $70,000 fund was to be divided, and were not persons aggrieved by the decree;

(3) It was unnecessary to consider the point raised by the appellants with respect to the legacies to the town and the trustee;

(4) The decree must be affirmed.

PETITION for instructions, filed in the Probate Court for the county of Plymouth on March 28, 1933, by the trustee under the will of Susanna K. Tobey, late of Wareham.

The will provided that the residue of the estate should be divided equally between Gerard Tobey and Horace Tobey if they both should survive the testatrix and that, if only one of them should survive her, he should take the entire residue except a certain portion to be set aside for the benefit of children of the other. Other material portions of the will, material facts and a decree entered by order of *L. E. Chamberlain*, J., are described in the opinion. Certain respondents appealed.

*C. M. Rogerson*, for the petitioner, stated the case.

*W. D. Cotton*, for Ellen H. Taylor.

*S. H. Lyon*, for the executor of the will of Marland L. Pratt.

*J. D. Dow, Jr.*, for Trustees of Donations to the Protestant Episcopal Church, and another.

*L. W. Jenney*, for Town of Wareham.

LUMMUS, J. Susanna K. Tobey died August 7, 1911, at the age of one hundred years (*Boston Safe Deposit & Trust Co.* v. *Attorney General*, 234 Mass. 261, 266), leaving a will,

dated December 16, 1887, which was duly allowed. Of her three children, George O. Tobey, senior, and Gerard Tobey, the latter of whom was mentioned in the will as living, died before the testatrix; and Horace Tobey survived the testatrix but died in 1918 without issue. Gerard Tobey left no issue. George O. Tobey, senior, left two children, Alice Virginia Tobey and George O. Tobey, junior, both of whom survived the testatrix but died without issue before August 7, 1931.

The fund concerning which instructions are sought was created by article Eleventh of the verbose but carefully drawn will, which provided two trust funds of $25,000 each for Alice Virginia Tobey and George O. Tobey, junior, respectively. Combined, they now amount to about $70,000. For the terms of the trust article Eleventh refers to article Fifteenth. By reference to that article, which gives nearly all the residue in trust for the children of George O. Tobey, senior, in the event that both Gerard and Horace and their issue should fail to survive the testatrix, we learn that, after the payment of certain income to said children, the principal of their shares is to be paid over to them, respectively, at the expiration of twenty years from the death of the testatrix, namely, on August 7, 1931, if both be then living, and if either be dead his or her share is to be paid over to his or her issue. If both be dead on August 7, 1931, without having left issue (which actually happened), then article Fifteenth provided that the whole combined trust fund should be paid over "to those who would then be my heirs at law if I had then died intestate," except that certain legacies given by article Twenty-fourth were first to be paid, if not already paid out of other funds created by the will.

These legacies have never been paid, because the ample residuary estate out of which they were to be paid was not to become available for their payment unless both Gerard and Horace and issue of them should fail to survive the testatrix. Since Horace survived her, he took the residue absolutely. Unless the trust funds under article Eleventh are available for the purpose, nothing can be paid on account of the

legacies. If such funds are available, they have become so only because both Alice Virginia Tobey and George O. Tobey, junior, happened to die without issue prior to the time set for distribution. These funds amount only to about $70,000, whereas the aggregate amount of the legacies is $350,000. The legacies are as follows: (1) $75,000 to The Trustees of Donations to the Protestant Episcopal Church, of which $50,000 is to be used as a fund for aid to disabled and destitute clergymen and $25,000 is to be used for improvements to a certain church in Wareham (see *Chase* v. *Dickey*, 212 Mass. 555, 566); (2) $50,000 to the Boston Safe Deposit and Trust Company in trust for the establishment of an old ladies' home in Wareham; (3) $75,000 to the town of Wareham for the obtaining of a site and the erection of a town house; and (4) $150,000 to the town of Wareham for the establishment and maintenance of an asylum and school for the destitute children of Wareham and Middleborough. At its annual meeting for 1932, the town of Wareham voted to accept the legacy for the town house. At that meeting, it was voted "to indefinitely postpone" action with respect to the legacy for the asylum and school, but on June 13, 1933, it was voted to accept that legacy. See *Adams* v. *Townsend Schoolhouse Building Committee*, 245 Mass. 543. These votes expressly provided for the acceptance of *pro rata* shares of the funds available for distribution, which all the legatees have agreed to accept instead of the full amounts specified in the will. The Probate Court by its decree ordered the funds divided among the legatees accordingly.

The appellants, the persons who would have been the heirs of the testatrix had she lived until August 7, 1931, contend that the legacies are invalid and must be disregarded, with the result that they are entitled to the entire trust funds. They contend that since the trust funds created by article Eleventh were obviously insufficient by themselves to pay the legacies, it must be inferred that the testatrix intended to charge only the residuary estate with the payment of the legacies, and then only in the event that both Gerard and Horace and issue of them should fail to sur-

vive the testatrix. Such is not the literal construction of the will. We see no such plain indication of the spirit attributed to the will by the appellants as to justify us in disregarding the letter.

The appellants contend further that the amount available for the charitable gifts to the town of Wareham is so insufficient for their purposes that the gifts must fail unless the *cy pres* doctrine can be applied. *Teele* v. *Bishop of Derry,* 168 Mass. 341. *Bowden* v. *Brown,* 200 Mass. 269. *Ely* v. *Attorney General,* 202 Mass. 545. *Grimke* v. *Attorney General,* 206 Mass. 49. *Norris* v. *Loomis,* 215 Mass. 344. Without intimating that this point is well taken, it is unnecessary to consider it on this appeal. Neither is it necessary to consider the same point with reference to the gift for an old ladies' home, which is really only an addition to a fund already existing for that purpose created under articles Thirteenth and Fourteenth of the will. *Boston Safe Deposit & Trust Co.* v. *Attorney General,* 234 Mass. 261. Even though all these gifts should fail completely, the appellants, the so called heirs as of August 7, 1931, could get nothing, for the gift of $75,000 to The Trustees of Donations to the Protestant Episcopal Church, to which no such objection could be raised, would exhaust the funds to be distributed. In view of that fact, it does not concern the appellants that the legatees named in the will, without objection from the Attorney General who has appeared in the public interest, have agreed to divide these funds *pro rata,* and that the Probate Court has carried out that agreement by its decree. They are not entitled to our decision upon the point, for as to that they are not persons aggrieved. G. L. (Ter. Ed.) c. 215, § 9. *Wellman* v. *Carter,* 286 Mass. 237, 250, 255. On this appeal, no other party challenges, or could challenge, the correctness of the decree. *Kilkus* v. *Shakman,* 254 Mass. 274, 280. *Beacon Oil Co.* v. *Maniatis,* 284 Mass. 574, 577. The decree is affirmed.

The allowance of further costs and expenses to parties or counsel (G. L. [Ter. Ed.] c. 215, § 45; *Old Colony Trust Co.* v. *Third Universalist Society of Cambridge,* 285 Mass. 146, is to be in the discretion of the Probate Court.

*Ordered accordingly.*