EMIL A. UNTERSEE, executor, *vs.* MAXIMILIAN UNTERSEE.

Norfolk.    November 8, 1935. — January 2, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Equity Pleading and Practice,* Decree.    *Probate Court,* Decree, Jurisdiction.

In a petition in equity in a probate court, after reference to and report by a master and a motion to recommit to the master heard, a decree confirming the master's report and adjudicating the issue involved was final and the court was without jurisdiction over a petition to vacate it.

PETITION, filed in the Probate Court for the county of Norfolk on May 1, 1935.

The petition was heard by *McCoole, J.*

*H. W. Keyes, Jr.,* for the petitioner.

*R. B. Heavens,* for the respondent.

PIERCE, J. This is an appeal by the surviving executor under the will of Franz Joseph Untersee, late of Brookline in the county of Norfolk, deceased. The appeal was filed May 18, 1935, and is from a decree of the Probate Court dismissing said executor's petition, presented on May 1, 1935, wherein the petitioner prayed that "1. The decree entered by this Court under date of March 25, 1935 in the matter of the petition in equity of Maximilian Untersee to determine the value of a certain legacy be vacated or corrected in order that: (a) The motions filed by your petitioner may be marked up for hearing and disposed of. (b) Your petitioner may be given an opportunity to be heard on the petition of said Maximilian Untersee. (c) This Court may grant such further relief as may be proper under the circumstances."

The report of material facts by the judge of probate discloses that in June, 1932, Maximilian Untersee, a beneficiary under the will of said Franz Joseph Untersee, of which the petitioner is the surviving executor, filed a petition in equity. Said petition alleged that under the will Maximilian and a brother of his, Carl Untersee, were entitled to a legacy which they had not received and which had been turned into cash by the executor and was being held by him as a part of the distributive shares of the residual legatees. The matter was referred to a master to hear the parties and their evidence, and report to the court. After hearing the parties the master filed his report in the Probate Court, with the objections of Emil A. Untersee, executor, annexed thereto. The matter was thereafter set down for a hearing on May 21, 1934. Counsel for both parties appeared and submitted to the court various motions, memoranda and requests for rulings. The then petitioner, Maximilian Untersee, submitted a motion to confirm the report and a motion for the entry of a decree, a brief in

support of his motion for a decree and a large number of requests for rulings of law. The executor submitted three motions to recommit the matter to the master on various points, and memoranda to support his motions to recommit. Counsel for both parties argued respectively in support of and against the motions to recommit for approximately forty minutes each. Thereupon the judge expressed his desire to read the papers in the case thoroughly and examine the memoranda submitted by both parties, and stated to counsel that if he needed further assistance by way of argument the parties would be notified and a date set. The judge also expressed his willingness to receive any further memoranda or comments bearing upon the case which either of the two parties might care to submit. Counsel for Maximilian Untersee, the then petitioner, did submit memoranda referring to the matters raised by the then respondent's motions to recommit. After consideration of the report of the master and various memoranda, motions and requests of the parties, a decree was entered on March 25, 1935, confirming the master's report, adjudicating that there was a legacy due the then petitioner (Maximilian) and his brother as alleged, and determining the value thereof and the proportions due said petitioner and his brother Carl Untersee. Both counsel were notified by the register of the Probate Court of the entry of the decree and copies thereof were mailed to each. Within four days subsequent thereto counsel for the executor requested the judge in writing to make a report of material facts. Such report was filed by the judge on April 9, 1935, and on April 10, 1935, notice of said filing was sent to counsel for the executor. On April 12, counsel for the executor filed a claim of appeal.

No written request for an estimate of the printing necessary to prepare the papers for the Supreme Judicial Court was received by the register within ten days subsequent thereto. Counsel for Maximilian Untersee thereupon filed a motion to dismiss the appeal of the executor. This motion was presented to the Probate Court on May 1, 1935. During the hearing thereon, counsel for the executor presented to the Probate Court the petition to vacate the

decree. Service was accepted by counsel for the original petitioner, Maximilian Untersee, and counsel proceeded to argue the petition to vacate the decree. The Probate Court, after consideration of the arguments, dismissed the petition. The executor, in support of his petition to vacate the decree, stated to the court "that he had had no hearing in reference to the entry of the decree of [on] his motions to recommit and that on May 21, 1934, the court had stated that the hearings thereon were adjourned until the court had opportunity to read the papers and would be reassigned for further argument at a later date, and the court failed to make such further assignment."

The judge found that this statement of the executor was not in accordance with the facts, but that the facts were as set forth hereinbefore, and that the previous statement of the judge was merely to the effect that if further assistance of counsel was desired they would be notified to that effect; that the motions referred to in the petition to vacate the decree by the executor were the motions to recommit hereinbefore referred to, and were disposed of by the final decree entered on March 25, 1935, by implication, not being consistent with the final decree; that the aforesaid final decree entered on March 25, 1935, was entered only after the hearings and after both parties had opportunity to file briefs as set forth herein above. The judge further found that the executor as petitioner does not allege, nor has he shown, any manifest error in the decree as entered, nor any typographical error therein nor any error in the computation of the sums set forth therein.

The appeal is entirely without merit. It rests upon an allegation, which is in opposition to the judge's findings, that no hearing was had on the executor's motions to recommit. The entry of the decree, whether final or interlocutory, confirming the master's report necessarily involved a denial of the motions to recommit. *Fuller* v. *Fuller*, 228 Mass. 441. The decree of March 25, 1935, was a final decree in the sense that the real merits of the case were determined by it and nothing of substance was left open. *Hutchins* v. *Nickerson*, 212 Mass. 118. At least it

was final to the extent of permitting the executor to appeal from it. *Shannon* v. *Shepard Manuf. Co. Inc.* 230 Mass. 224, 229, and cases cited. The requested report of material facts was filed by the judge on April 9, 1935, and notice was sent to counsel for the executor on April 10, 1935. On April 12, 1935, the executor filed a claim of appeal. So far as the record and the judge's findings disclose, the executor did not give to the register of probate in the then pending case an order within ten days after the case became ripe for preparation and printing. Nor did he make a written request or any request for an estimate of the expense of the preparation and transmission of the necessary papers and copies of papers for the Supreme Judicial Court. G. L. (Ter. Ed.) c. 231, § 135. The record does not disclose any typographical or clerical error in the form of the final decree or any error in the computation of the sums set forth therein, and the petition to vacate the decree does not directly or inferentially allege any such error as a ground for vacating it. Assuming the decree was a final decree, the Probate Court had no power to vacate it or to grant a rehearing on the facts found. *White* v. *Gove*, 183 Mass. 333, 339–340.

*Decree dismissing petition affirmed.*