BESSIE LEWIS *vs.* THE NATIONAL SHAWMUT BANK OF BOSTON & others, executors, & others.

Norfolk.   December 9, 1938. — May 23, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Probate Court,* Costs, Proceedings in equity.   *Equity Jurisdiction,* Bill of review.

Under G. L. (Ter. Ed.) c. 215, § 45, the Probate Court in a contested equity suit has power to award counsel fees from the fund in controversy and to order their payment directly to counsel.

No error of law appeared in a provision of a final decree in a contested equity suit in the Probate Court by executors to set aside a deed of trust made by the decedent, awarding, under the general heading, "counsel fees, costs and expenses," a sum to be paid to a bank "for special services as one of the executors."

On an appeal from a final decree dismissing a petition in a Probate Court in the nature of a bill of review of a final decree in a contested equity suit which included allowances for counsel fees that the petitioner contended were grossly excessive, this court could not disturb the allowances since the evidence in the present case was not part of the record of the original suit and there was nothing properly before this court to indicate upon what evidence the judge of probate acted in entering the decree sought to be reviewed.

PETITION IN EQUITY, filed in the Probate Court for the county of Norfolk on March 22, 1937.

After a hearing by *McCoole*, J., a final decree was entered dismissing the petition.

*F. L. Simpson*, for the petitioner.

*R. G. Dodge*, for the respondents The National Shawmut Bank of Boston and another, executors.

*Joseph Wentworth*, for the respondents Hall and others.

QUA, J.    The executors of the will of Benjamin Lewis brought in the Probate Court a petition in equity against the trustees named in an instrument purporting to be a deed of trust made by Lewis shortly before his death.   On November 27, 1936, a decree was entered setting aside the trust deed on the ground that Lewis was mentally incompetent to make it and ordering the executors to pay very substantial sums as "counsel fees, costs and expenses as between solicitor and client" to the attorneys who had represented various parties.

The present petitioner is Lewis' widow.   She was a party to the former petition, but did not appeal from the decree.  In this petition, filed March 22, 1937, she prays that the decree be modified and revised and that the sums awarded be reduced.   Although the form of this petition seems more appropriate to a proceeding to revoke or modify a decree on the probate side of the court (see *Goss* v. *Donnell,* 263 Mass. 521) than to a bill of review by which alone a final decree entered after full hearing in an equity case may be revised (see *Untersee* v. *Untersee,* 293 Mass. 132, 136; *Frechette* v. *Thibodeau,* 294 Mass. 51, 54), we nevertheless treat the petition as a bill of review, but without deciding that it would be adequate for that purpose if the result of the case depended upon this point.   *Mackay* v. *Brock,* 245 Mass. 131, 134.

One of the uses of a bill of review is to correct error of law apparent on the record of the original suit.   *Hyde Park Savings Bank* v. *Davankoskas,* 298 Mass. 421, 423. The appellant's argument is directed solely to such alleged errors.   We consider her contentions in turn.

There was no error of law in ordering the sums fixed as counsel fees to be paid directly to the several counsel instead of to the parties whom they represented.   The last sentence of G. L. (Ter. Ed.) c. 215, § 45, expressly authorizes the awarding of costs and expenses directly to counsel. This sentence was added by St. 1931, c. 120.   The petitioner contends that § 45 before that addition applied only to proceedings on the probate side of the court; that the power to award counsel fees out of the fund in controversy

on the equity side of the Probate Court was derived wholly from general equity practice and not from § 45; and that, after the amendment of 1931, that section, with the added power to make the award directly to counsel instead of to the parties, still applies only to proceedings on the probate side.  There is plausibility in this contention, but the weight of the argument seems to us against it.  The power to award to parties expenses in addition to taxable costs was first added by St. 1884, c. 131, shortly after the decision in *Brown* v. *Corey*, 134 Mass. 249, wherein it had been held that only "legal or taxable" costs could be allowed in probate proceedings.  *Mulloney* v. *Barnes*, 266 Mass. 50, 53.  No doubt the primary motive for the passage of the statute of 1884 was to extend the power of the court in probate proceedings, and the power to allow expenses to parties already existed without any statute in equity proceedings.  See *Willard* v. *Lavender*, 147 Mass. 15; *Sears* v. *Nahant*, 215 Mass. 234, 240; *Boynton* v. *Tarbell*, 272 Mass. 142, 145.  See also *Conley* v. *Fenelon*, 266 Mass. 340, 345.  Nevertheless the section affected, Pub. Sts. c. 156, § 35, contained no limitation to probate proceedings, but was couched in general terms both before and after the amendment of 1884.  Even when first enacted as Rev. Sts. c. 83, § 47, this section referred to "all cases that are contested, either before the judge of probate, or in the supreme court of probate," and as early as that the probate courts had some equity jurisdiction.  See Rev. Sts. c. 69, § 12.  See also *Ensign* v. *Faxon*, 224 Mass. 145, 147, 148.  In its present form, after large equity jurisdiction has been conferred upon the probate courts, and after several revisions of the statutes, G. L. (Ter. Ed.) c. 215, § 45, still refers in general to "contested cases before a probate court or before the supreme judicial court on appeal."  A strong ground for thinking that the amendment of 1931, which permitted the award of counsel fees directly to counsel, was believed and intended to apply to proceedings in equity in probate courts as well as to strictly probate proceedings is found in the fact that that amendment was enacted at the next session of the Legislature after the decision in *Boynton* v. *Tarbell*,

272 Mass. 142, wherein it was held that such fees could not be awarded directly to counsel. And *Boynton* v. *Tarbell* was an equity case. No sufficient reason appears for a distinction in this matter of statutory construction between equity proceedings and probate proceedings in the same court, even though the statute does not apply to equity cases originating in the Supreme Judicial Court or in the Superior Court, and the power of these courts as to such allowances is left to the general rules of equity practice. In a number of recent cases this court has recognized the application of the statute (G. L. [Ter. Ed.] c. 215, § 45) to cases on the equity side of probate courts. *First National Bank of Boston* v. *Charlton*, 281 Mass. 72, 76. *North Adams National Bank* v. *Curtiss*, 284 Mass. 330, 336. *Old Colony Trust Co.* v. *Third Universalist Society of Cambridge*, 285 Mass. 146, 150. *Boston Safe Deposit & Trust Co.* v. *Pratt*, 287 Mass. 23, 27. *Old Colony Trust Co.* v. *Richardson*, 297 Mass. 147, 156. *Smith* v. *Livermore*, 298 Mass. 223, 249.

We are not prepared to say that there was error of law apparent on the record in allowing, under the general heading of "counsel fees, costs and expenses," a sum to The National Shawmut Bank of Boston "for special services as one of the executors." Doubtless in general an executor should seek compensation for his services and reimbursement for his expenses through his accounts. *Ensign* v. *Faxon*, 224 Mass. 145. But in this instance the "services" must have been rendered by some officer, agent or employee of the bank, presumably paid by it, who devoted a measurable amount of his time to this particular task. The bank may have hired some one solely for this purpose. The "services" are designated as "special." They may have borne some peculiar relation to the particular property that formed the subject of the litigation which made it appropriate to charge their cost upon that property rather than upon the estate in general. Conceivably the "services" were in truth "expenses" within the general designation under which all the allowances were made and proper to be allowed under the statute to a party to the proceeding. See *Conley* v. *Fenelon*, 266 Mass. 340, 344.

Finally, it is contended that the sums here awarded to counsel and to guardians *ad litem* of some of the parties are so grossly excessive as to extend beyond the bounds of discretion and to reach to error of law apparent on the record. The power of a court of equity or probate to require payments out of the property of litigants to or for the benefit of counsel who may not have been employed by those whose estates are thus diminished and who may have opposed the latter's interests is a power of great delicacy to be exercised with extreme caution. It is difficult to conceive of anything more likely to undermine public respect for the administration of justice than a wide spread suspicion that the courts are aligned in aiding the distribution among counsel of excessive proportions of the funds of those who are unfortunate enough to become involved in controversy. Thus it is held that the standard in allowing counsel fees as costs is not the same as that applied in an action by an attorney against a client with whom he has voluntary contractual relations. A test commonly employed is the compensation paid to public officers for services of a similar character. The principles to be followed by courts in allowing such costs are set forth in *Frost* v. *Belmont*, 6 Allen, 152, 164, 165, and in *Boynton* v. *Tarbell*, 272 Mass. 142, 145. They have been described as "strictly conservative principles." *Commissioner of Banks, petitioner, in re Prudential Trust Co.* 240 Mass. 478, 485. We have no disposition to modify them.

If we were at liberty to pass upon the allowances here complained of in the light of evidence received at the hearing on the present petition there would be much force in the argument that some of them at least are so large as to fall beyond the range permitted to discretion in ordering "costs" to be paid out of a disputed fund. See *Carlson* v. *Revere Beach County Fair & Musical Railway*, 227 Mass. 291; *Newton* v. *Consolidated Gas Co. of New York*, 259 U. S. 101. But evidence received on this petition is not a part of the record in the original proceeding. We have nothing properly before us to indicate upon what evidence the judge acted in entering the original decree. See *Nashua & Lowell*

*Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, at page 161; *Shelton* v. *Van Kleeck,* 106 U. S. 532; *Shannon* v. *Shepard Manuf. Co. Inc.* 230 Mass. 224, 235, 236. Everything could have been brought here upon a seasonable appeal from that decree, but under the limitations of a bill of review we cannot say that error of law appears on the record of the original cause.

*Decree affirmed.*