United Tool and Industrial Supply Co., Inc. &
another *vs.* Anthony Torrisi & others.

Essex.   March 2, 1971. — April 6, 1971.

Present: Tauro, C.J., Spalding, Spiegel, Reardon, & Braucher, JJ.

*Probate Court,* Costs.  *Equity Pleading and Practice,* Costs.  *Damages,*
Counsel fees.

In a case cognizable in a Probate Court only by reason of the general
grant of equity jurisdiction conferred on it by G. L. c. 215, § 6, as
appearing in St. 1963, c. 820, § 1, a decree was in error in ordering
a party to pay the counsel fees of the opposing party in that very
case.

Appeal from a decree after rescript entered on December 9, 1969, in the Probate Court for the county of Essex by
*Sullivan,* J.

*Edward F. Cregg* for the petitioners.

*Fredric S. O'Brien* (*Maurice Rappaport* with him) for
the respondents.

Tauro, C.J.   The petitioners appeal from a decree after
rescript on a petition in equity brought in the Probate Court
under the provisions of G. L. c. 215, § 6, as appearing in
St. 1963, c. 820, § 1.   The sole issue is whether the Probate
Court erred in ordering the petitioners to pay the respondents' counsel fees in addition to costs.

If this petition had been brought in the Superior Court
our law is well settled that, "[w]hile as an original proposition, further examination might be desirable, the general
principle has become firmly established in this Commonwealth that no recovery may be had for counsel fees in the
very action to redress a plaintiff's wrong, as distinguished
from other counsel fees which the plaintiff has been compelled to pay [citations omitted]."   *Donaldson* v. *Boston
Herald-Traveler Corp.* 347 Mass. 274, 280–281.   The rationale
is "the general principle that a litigant must bear his own

expenses, except so far as his burden is mitigated by a statute awarding him taxable costs." *Commissioner of Ins.* v. *Massachusetts Acc. Co.* 318 Mass. 238, 241. *Chartrand* v. *Riley,* 354 Mass. 242, 244–245. *Capp* v. *Chamberlain Real Estate, Inc.* 355 Mass. 58, 61. *M. F. Roach Co.* v. *Province-town,* 355 Mass. 731, 732.

The respondents argue, however, that G. L. (Ter. Ed.) c. 215, § 45,[1] should be applied in this case. In support of their argument the respondents rely on the case of *Lewis* v. *National Shawmut Bank,* 303 Mass. 187, which construed the same statute. In that case the court said, "No sufficient reason appears for a distinction in this matter of statutory construction [as to counsel fees] between equity proceedings and probate proceedings in the same court, even though the statute does not apply to equity cases originating in the Supreme Judicial Court or in the Superior Court . . ." (p. 190).

The power of the Probate Court to hear cases of general equity jurisdiction is conferred by G. L. c. 215, § 6,[2] as amended. Prior to this statute, equity jurisdiction of the Probate Court concurrent with the Supreme Judicial and Superior Courts extended only to "all cases and matters relative to the administration of the estates of deceased persons, to wills . . . to trusts . . ." and to a variety of special areas which do not concern us here. G. L. c. 215, § 6, as amended through St. 1958, c. 223.

We do not feel that *Lewis* v. *National Shawmut Bank,* *supra,* is dispositive of the instant case. The *Lewis* case

---

[1] "In contested cases before a probate court or before the supreme judicial court on appeal, costs and expenses in the discretion of the court may be awarded to either party, to be paid by the other, or may be awarded to either or both parties to be paid out of the estate which is the subject of the controversy, as justice and equity may require. In any case wherein costs and expenses, or either, may be awarded hereunder to a party, they may be awarded to his counsel or may be apportioned between them. Execution may issue for costs awarded hereunder."

[2] General Laws c. 215, § 6, as appearing in St. 1963, c. 820, § 1, reads in part, "Probate courts shall have original and concurrent jurisdiction in equity with the supreme judicial and superior courts of all cases and matters of equity cognizable under the general principles of equity jurisprudence and, with reference thereto, shall be courts of general equity jurisdiction . . . ."

itself was an attack on a purported deed of trust by the executors of the will of the testator. This court stated that "the form of . . . [the] petition seems . . . appropriate to a proceeding to revoke or modify a decree on the probate side of the court" (p. 188). *Boynton* v. *Tarbell,* 272 Mass. 142, cited in the *Lewis* case, was a petition for instructions as to the meaning of certain clauses in a will. Both the *Lewis* and *Boynton* cases thus involved estate or trust issues. We feel that to extend the special practice governing the awarding of counsel fees in estate or trust matters to cases cognizable in the Probate Court only by reason of the general grant of equity jurisdiction conferred on it by G. L. c. 215, § 6, would lead to unhealthy "forum shopping" by bargain hunting litigants. See the objections voiced to St. 1963, c. 820, § 1, in the Thirty-sixth Report of the Judicial Council (1960) Pub. Doc. No. 144, pp. 55–57. No good reason comes to mind for having one rule for costs in an equity case not involving estate or trust matters begun in the Probate Court and another for the identical bill brought before the Superior Court. Nothing in the statutory history of St. 1963, c. 820, § 1, leads us to believe that the Legislature intended to alter the rules on allowable costs. We follow the philosophy of *Chartrand* v. *Riley*, 354 Mass. 242, in declining to interpret a narrow exception so that it "could be extended to any case where the plaintiff has to seek his remedy in the courts" (p. 244). We hold that G. L. c. 215, § 45, is to be construed with the provisions of G. L. c. 215, §§ 39A and 39B. The decree of the Probate Court shall be modified to omit the award of the respondents' counsel fees. As so modified, the decree is affirmed.

*So ordered.*