PATRICK RICH *vs.* LOUIS SILVERMAN & another.

Suffolk. November 18, 1913. — November 25, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Practice, Civil,* Conduct of trial: rulings and instructions, Exception.

A presiding judge properly may refuse to make a ruling which is correct in law if it is inapplicable to the issue presented by the evidence.

A presiding judge properly may refuse to give an instruction taken from a published opinion of this court if it is not germane to the evidence in the case on trial, and, even if it is germane, he need not give the instruction in terms if he gives it in substance.

RUGG, C. J.  This is an action to recover for work performed in addition to that required by a written agreement by the plaintiff to build a house for the defendants.*  The evidence in its view most favorable to the plaintiff tended to show that during the performance of the main contract the defendant Silverman asked the plaintiff's foreman to build certain brick walls, the subject of this action, and said he would pay the plaintiff for such work as an extra.  After the work had been commenced the plaintiff asked Silverman regarding payment for this additional work, and was referred by him to the other defendant, Shapiro.  The plaintiff saw Shapiro, who told him to go ahead with the work and keep the time of the man, and the defendants also would keep the time, and when the work was completed that they "would make it all right."  This was all the evidence in support of the plaintiff's contention.  The defendants denied that such conversations occurred and asserted that the work was within the requirement of the written agreement. .

It is to be noted that this evidence for the plaintiff, if believed, constituted an express contract to do the work in question and to pay for the time spent by the man in doing it.  There was nothing left to implication or inference.  Upon this state of the evidence the request of the plaintiff for an instruction to the effect that "the parties could substitute a new oral contract by conduct and intimation as well as by express words," was denied rightly as being inapplicable to the issue raised by the evidence.

The only other exception now urged is to the refusal to instruct the jury that "if the plaintiff had a right to understand that the defendants expressed a consent to be liable for the additional work irrespective of the written contract and furnished the work on that understanding, the defendants are bound."

The charge upon this branch of the case was full and accurate, and covered fairly the scope of the request.  The jury were instructed that the parties might make a new oral contract for the doing of work in addition to that required by the written agreement, notwithstanding the terms of the written agreement that there should be no charge for extras unless in writing, and that if

---

* At the trial in the Superior Court before *Jenney,* J., the jury returned a verdict for the defendants; and the plaintiff alleged exceptions.

they made such an oral agreement the defendants would be liable. Even though the requests were taken from the opinion in *Bartlett* v. *Stanchfield,* 148 Mass. 394, 395, the judge was not required to give them at all if 'not germane to the evidence, nor in terms, if he gave them in substance. So far as this request bore upon the controverted facts, it was given in effect. No error is disclosed.

*Exceptions overruled.*

*J. E. Crowley,* for the plaintiff.
*D. ·Stoneman, (A. I. Stoneman* with·him,) for the defendants.