STAPLES COAL COMPANY *vs.* JOHN UCELLO.

Suffolk.   November 7, 8, 1955. — January 30, 1956.

Present: QUA, C.J., RONAN, WILKINS, WILLIAMS, & WHITTEMORE, JJ.

*Contract,* Building contract, Waiver, Validity, Modification. *Practice,*
    *Civil,* Auditor: objections to report, recommittal, exhibits. *Public*
    *Works. Waiver.*

Objections duly appended to the report of an auditor whose findings are
    final have no standing except as the foundation of a motion to recom-
    mit the report to the auditor. [466]
The record in an action referred to an auditor whose findings were to be
    final disclosed no abuse of discretion on the part of a judge in deny-
    ing motions to recommit based on the grounds that the auditor's
    findings were inadequate and that certain exhibits were not included
    in his report. [466–467]
One for whom heating equipment was placed in a building under a con-
    tract providing that brick bases were to be installed by a specified
    company could be found to have waived any right to claim that in-
    stallation of the brick bases by another company constituted a failure
    to perform the contract according to its terms where it appeared that
    he learned of the change when he saw the other company's "men
    working on the job" and made no objection. [467–468]
A violation of the wage provisions of G.L. (Ter. Ed.) c. 149, § 26, as ap-
    pearing in St. 1947, c. 334, by one suing on a contract for furnishing
    and installing equipment in a public building would not be such an
    illegality that the court would be required to act on its own motion and
    to deny him recovery where illegality had not been pleaded by the
    defendant. [468]
The mere fact that a person subcontracting to install heating equipment
    in a city hall paid his nonunion employees wages below the prevailing
    union wages would not have warranted a conclusion that he violated

G.L. (Ter. Ed.) c. 149, § 26, as appearing in St. 1947, c. 334, where it did not appear that any wage rates had been established "by collective agreements or understandings between organized labor and employers" in.that city. [468]

An existing written contract might be modified orally by the parties thereto notwithstanding one of its terms that "no provision of this contract may be altered or waived except by a written instrument duly executed by the parties hereto." [468]

CONTRACT. Writ in the Municipal Court of the City of Boston dated July 2, 1951.

Upon removal to the Superior Court, the action was heard by *Forte*, J., on an auditor's report.

*Joseph G. Kelly*, for the defendant.

*Joseph C. Robbins*, for the plaintiff.

WILLIAMS, J. In this action the plaintiff seeks to recover the amount due under a written contract for two oil burners and other heating equipment installed by it for the defendant in the city hall of Revere. In count 1 of the declaration the plaintiff alleges performance of the contract, a copy of which is annexed, and of additional work under an agreed "oral modification" of its terms. Count 2 is on an account annexed. The defendant's answer is in substance a general denial. The case was referred to an auditor whose findings of fact were to be final.

He found that on October 16, 1950, the defendant contracted with the city of Revere to install two boilers in the city hall and connect them with its heating system and on December 7 signed the contract with the plaintiff. This contract provided for supplying and installing the two oil burners and other equipment, which was a part of the work for which the defendant had contracted with the city. The plaintiff's contract called for payment to it by the defendant of $9,000. It contained a clause that it constituted "the entire agreement between the company [the plaintiff] and the purchaser [the defendant], and no provision of this contract may be altered or waived except by a written instrument duly executed by the parties hereto." There were later oral modifications of the contract whereby the parties

agreed that the defendant should be credited with $500 for burying the storage tank, and with $100 for installing certain pipes, and that the plaintiff should be paid an extra $75 for installing new gas supply lines. Each party performed its part of this additional work. The installation of the equipment was done for the plaintiff by D. J. Robbie Company, Inc. Donald J. Robbie of that company was present when the contract was signed and the defendant knew that it was to install the equipment.

Although it was provided that the red brick bases for the boiler settings were to be installed by Plibrico Company the plaintiff had this work done by McIver Company. The defendant first learned of this change when he saw "McIver's men working on the job" but made no objection after learning of that fact.

The auditor further found that the plaintiff was entitled to $100 as the fair value of its work in the necessary tearing down and replacing of brick work due to an error in the original plan. He credited the defendant with a payment of $2,000 which had been made and found for the plaintiff in the amount of $6,635, the amount set forth in the account annexed to count 2 of the declaration.

There were other findings "that the plaintiff's employees engaged on this job were not, at the time of this work, members of any labor union and were paid the minimum wage rates contained in Article 3 of the contract, which rates were below the prevailing union wages," and that the defendant has been paid in full by the city of Revere.

Twenty-six objections of the defendant to the findings and the failure of the auditor to make additional findings were appended to the report. Rules 89 and 90 of the Superior Court (1954). They had no standing except as a foundation for a motion to recommit the report for the correction of errors. *Lunn & Sweet Co.* v. *Wolfman*, 268 Mass. 345, 349. *Howland* v. *Stowe*, 290 Mass. 142, 145. *Gordon* v. *Medford*, 331 Mass. 119, 124.

The defendant filed two motions to recommit. In the first motion which contained no reference to the filed objec-

tions he set forth thirty-two grounds for recommittal based in the main on alleged inadequacy of the findings. In the second he moved that the auditor be instructed to report certain exhibits which were introduced at the trial, namely, the contract between the plaintiff and the defendant, the contract between the defendant and the city of Revere, and a number of invoices from the Robbie company to the plaintiff. Exceptions were claimed by him to the denial of these motions and to the allowance of a motion by the plaintiff for judgment in accordance with the auditor's report.

We think that in denying the motions to recommit there was no abuse of the discretion which, in respect to such motions, is vested in the trial judge. *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc.* 251 Mass. 251, 253. It is unnecessary to discuss in detail the many requests for instructions to make additional findings contained in the first motion. "A party has no right to insist that . . . [a] report be encumbered with exhibits, or evidence, or compulsory findings or requests for findings upon subsidiary facts thought by him to be important." *Carleton & Hovey Co.* v. *Burns*, 285 Mass. 479, 484. No reason appears for including in the report the exhibits to which reference is made in the second motion. It is implicit in the auditor's findings, although not expressly stated, that the copy of a written contract annexed to the declaration was in fact that of the contract signed by the parties on December 7, 1950. This contract set forth the items of the specifications in the defendant's contract with the city of Revere which were intended to be made a part of his contract with the plaintiff and report of the entire contract with the city was not necessary. *Walsh* v. *Cornwell*, 272 Mass. 555, 561. As to the invoices, the record discloses nothing to show that if reported they would have had any effect on the findings.

There was no error in ordering judgment for the plaintiff in accordance with the report. The only apparent variance in performance by the plaintiff from the terms of the contract was in the employment of the Robbie company and

the McIver company to do parts of the work. The findings indicate that the defendant waived any right which he may have had to object to the use of these subcontractors.

The defendant's contention that there was illegality in the plaintiff's performance because of violation of the provisions of G. L. (Ter. Ed.) c. 149, § 26, as appearing in St. 1947, c. 334, which relate to the rate of wages to be paid laborers on public works, has no merit. Illegality was not pleaded in the defendant's answer and the alleged illegality was not of such a nature that the court was required on its own motion to act and to bar relief. *National Development Co.* v. *Gray*, 316 Mass. 240, 250–251. If, however, the issue were properly before us the finding that nonunion employees of the plaintiff were paid wages below the prevailing union wages did not warrant a conclusion that the statute had been violated. There is nothing in the report to suggest that any rate of wages had been established "by collective agreements or understandings between organized labor and employers" in the city where the work was performed. See § 26.

Evidence relating to the oral modification of the contract by the parties was rightly admitted notwithstanding its provision that none of its terms may be altered or waived except by written instrument. *Bartlett* v. *Stanchfield*, 148 Mass. 394, 395. *Rich* v. *Silverman*, 216 Mass. 195, 196–197.

In our opinion the report was unambiguous and adequate. There was no error in the order for judgment.

*Exceptions overruled.*