MARJORIE V. BARNES, executrix, *vs.* LEE SAVINGS BANK.

Berkshire.    September 24, 1959. — December 11, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, &
CUTTER, JJ.

*Executor and Administrator,* As debtor to estate.    *Debt.    Mortgage,* Of
real estate:  discharge, junior mortgage, accounting after foreclosure.

Where it appeared that on real estate there were a first and a third mort-
gage to a bank and a second mortgage to one of whose estate, upon his
death, the mortgagor was executrix and sole beneficiary, that there were
no creditors of that estate, and that upon foreclosure of the first mort-
gage by the bank a surplus remained in its possession, the debt of the
mortgagor to the deceased second mortgagee must be treated as ex-
tinguished by reason of the appointment of the mortgagor, his debtor,
as his executrix, and the second mortgage as discharged accordingly,
and the bank as foreclosing first mortgagee was not accountable to the
executrix for the remaining surplus but was entitled to retain it and to
apply it to the third mortgage debt.

CONTRACT.    Writ in the District Court of Central Berk-
shire dated February 8, 1957.

Upon removal to the Superior Court, the action was heard
by *Thompson,* J., on an auditor's report.

*Lincoln S. Cain,* for the plaintiff.

*Henry M. Donahoe,* for the defendant.

COUNIHAN, J.    This is an action of contract in which the
plaintiff seeks to recover from the defendant certain moneys
in the circumstances hereinafter described.    The action was
referred to an auditor, facts final, who filed a report in favor
of the plaintiff.    The plaintiff filed a motion for judgment
on the auditor's report which was denied by the judge who
ordered that judgment be entered for the defendant.    The
action comes here upon a report of the judge for final deter-
mination by this court.    There was no error.

The report of an auditor whose findings of fact are final
constitutes a case stated and, as has been frequently stated,
the auditor's conclusions of fact reached by inference from

subsidiary findings are open to review as matter of fact not only by the trial court but also by this court when the case comes here "upon appeal, exceptions, report or other proceedings in the nature of an appeal." G. L. c. 231, § 126. *United States Fid. & Guar. Co.* v. *English Constr. Co.* 303 Mass. 105, 108–109.

Facts established by the auditor's report appear to be as follows: Marjorie V. Barnes is the daughter, sole legatee and executrix under the will of Claude W. Tillotson who died on March 23, 1954. Before his death Marjorie and her husband, Ralph Harry Barnes, lived with Tillotson in a house owned by him. On April 7, 1947, Tillotson conveyed to Marjorie and Ralph two parcels of land, one of which for convenience is called the "store property" and the other the "coal pocket property."

In consideration of this conveyance Marjorie and Ralph executed and delivered to Tillotson a bond which provided that they jointly and severally were obligated to pay Tillotson the sum of $10,000. The condition of the bond was that if they paid Tillotson the sum of $50 weekly from April 7, 1947, to the time of his death, "not falling in arrears" in making any such payments for more than thirty days, the obligation of the bond would be void. The performance of the bond was secured by a duly recorded mortgage in the sum of $10,000 from Marjorie and Ralph to Tillotson, covering the two parcels which were conveyed to them.

Fifty dollars weekly was paid by Marjorie and Ralph from April 7, 1947, to May 29, 1953, but thereafter up to March 23, 1954, when Tillotson died, only four such payments were made. During this latter period Tillotson made no demand for any payments due him. The auditor expressly found that there was due Tillotson from Marjorie and Ralph at the time of his death $1,850.

On January 26, 1951, Tillotson subordinated his mortgage to a new first mortgage by Marjorie and Ralph to the Lee Savings Bank, in the sum of $15,000. That mortgage was dated January 26, 1951, and was duly recorded. It included another parcel of land not included in the Tillotson mortgage.

On January 24, 1955, Marjorie and Ralph were conducting an automobile sales agency under the name of Tillotson's Garage. A checking account in that name was carried in the Lenox National Bank. Sometime between January 24 and January 27, 1955, Marjorie and Ralph, or one of them, with the knowledge of the other, drew checks on the account in the Lenox National Bank in the aggregate amount of $24,908.90 and negotiated them at the Lee Savings Bank, receiving in exchange checks drawn by the Lee Savings Bank on the Lee National Bank and payable to the order of R. Harry Barnes. The checks were negotiated by Marjorie or Ralph and subsequently were honored by the Lee National Bank.

Marjorie and Ralph knew that when the checks on the Lenox National Bank were drawn their firm account there was insufficient to meet those checks and they would be dishonored upon presentation to the Lenox National Bank. On January 31, 1955, Ralph so informed the treasurer of the Lee Savings Bank. In order to make some restitution Marjorie and Ralph on February 1, 1955, executed and delivered a note in the sum of $15,000 to the Lee Savings Bank, secured by a mortgage on the two parcels conveyed to them by Tillotson and on other property. No mention was made in that mortgage of the earlier mortgage to Tillotson dated April 7, 1947, and no mention of the Tillotson mortgage was made to the savings bank or any of its officers. The auditor found that this omission was "inadvertent."

On October 26, 1956, the Lee Savings Bank foreclosed the mortgage to it dated January 26, 1951, and after satisfying the obligations due it under that mortgage there remained in its possession the sum of $3,945.29.

The auditor further found, apparently by stipulation of the parties, that the Lee Savings Bank had in its possession as part of the surplus after the foreclosure the sum of $1,364.73 which is the subject to this controversy. He further found that the savings bank was improperly withholding that sum of money from the plaintiff.

The indebtedness of Marjorie and Ralph on the bond to

Tillotson was not included in the inventory of the estate of the testator filed by Marjorie. There is likewise nothing in the record to show that any creditors of Tillotson existed at the time of his death.

In the circumstances we have described, the principle of law in this Commonwealth is well established that when a debtor of an estate is appointed administrator or executor of his creditor, the debt is extinguished and is treated as paid. The debt becomes part of the assets of the estate and the administrator or executor must account for the amount of such indebtedness. The debt having been extinguished, a bond or mortgage given as security for the debt is necessarily discharged. *Stevens* v. *Gaylord,* 11 Mass. 256, 266. *Hazelton* v. *Valentine,* 113 Mass. 472, 480. *Martin* v. *Smith,* 124 Mass. 111, 113. *Tarbell* v. *Jewett,* 129 Mass. 457, 464, 467–468. *Bassett* v. *Fidelity & Deposit Co.* 184 Mass. 210, 212–213. *King* v. *Murray,* 286 Mass. 492, 495. *Argus* v. *Kokkorou,* 308 Mass. 315, 318. See *Sullivan* v. *Sullivan,* 335 Mass. 268, 271–272.

In *Kinney* v. *Ensign,* 18 Pick. 232, at page 236, Chief Justice Shaw said, ". . . the holding the fact of a debtor taking administration upon the estate of his creditor, to be a payment, may be deemed a legal fiction, adopted for purposes of justice and convenience, as well as from considerations of policy, and calculated generally to promote justice; but such a legal fiction will never be allowed to go so far as to work wrong and injustice." In the instant case the executrix was the sole legatee of the creditor and it does not appear that the testator had any creditors, so that no wrong or injustice would be worked upon his estate by the constructive payment of the debt and the discharge of the mortgage securing it. The rule requires that the Lee Savings Bank be permitted to retain the balance remaining in its possession and apply it to the amount due on the 1955 mortgage from Marjorie and Ralph which was then in default.

*Judgment for the defendant.*