IRWIN M. GOLDEN *vs.* ANN VICTORIA TAFT, executrix.

Plymouth.    March 8, 1962. — April 10, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Executor and Administrator,* Counsel fees.  *Probate Court,* Costs, Counsel
fees.  *Attorney at Law.*

Where, in a proceeding in a Probate Court by a trustee for instructions,
counsel agreed upon the amounts to be awarded them from the trust
fund "for services rendered to" the trust and agreed that each counsel
would "look to his own client for compensation for services rendered to
that client," and a decree awarding the agreed amounts was entered by
the judge without hearing counsel as to their services, counsel who had
represented an executrix of an estate as a respondent in such proceeding
was not precluded from seeking further compensation for his services in
a proceeding against the executrix under G. L. c. 215, § 39A [155–157];
but the amount awarded him in the proceeding for instructions must be
taken as a payment on account of the total reasonable compensation
payable by the executrix.    [157]
Upon the facts appearing in a case stated, this court fixed the fair value of
extensive services rendered by an attorney in representing a client who
claimed a portion of the principal of a trust fund upon termination of
the trust and, as respondent in a proceeding by the trustee for instruc-
tions, obtained a substantial amount representing approximately one half
of the "maximum possible recovery by the . . . [client] under the most
favorable interpretation" of the trust instrument.    [157–158]
In the circumstances, where it appeared in a proceeding by an attorney
against an executrix under G. L. c. 215, § 39A, that the attorney had
demanded for services satisfactorily performed for the executrix an
amount which she had refused to pay as excessive without making any
attempt to reach an agreement with him as to the amount, and that the
amount sought by him was much larger than the amount deemed by this
court to represent the fair value of the services and properly to be
awarded to him, he was not entitled to an allowance of costs and expenses
of the proceeding, and there was no abuse of discretion in denial of a
motion by the executrix for an allowance of costs and expenses of the
proceeding to be paid by him.    [158–159]

PETITION filed in Probate Court for the county of Plym-
outh on February 24, 1960.

The respondent appealed from sundry decrees entered by
*Stone,* J.

*Jerry M. Brown,* for the respondent.
*Blair L. Perry,* for the petitioner.

CUTTER, J.   This is a petition for counsel fees filed on February 24, 1960, in the Probate Court for Plymouth County.  See G. L. c. 215, § 39A,[1] as amended through St. 1951, c. 80.   The fees were sought for services rendered by Mr. Golden, an attorney, to the executrix and sole beneficiary of the will of Ray B. Taft, in connection with a petition for instructions in the Probate Court for Suffolk County  (the Suffolk proceedings) concerning the final disposition of the principal of a trust under the will of Orray A. Taft, Jr.   Trial started before the probate judge on May 24, 1960, and then was referred to an auditor whose findings of fact were to be final.   By agreement also, the evidence already received was to be transcribed and presented before the auditor.   The auditor filed a somewhat repetitious report, in which he concluded that Mr. Golden was entitled to $5,000 (in addition to $625 already awarded to him in the Suffolk proceedings) for the services to the executrix.

In the Plymouth Probate Court, the following action was then taken:  (1) a motion to recommit the report was denied; (2) the auditor's report was confirmed; (3) a motion of the executrix for an award of costs to be paid by Mr. Golden was denied; (4) Mr. Golden was allowed $500 costs and expenses in this Plymouth proceeding, and (5) a decree was entered allowing Mr. Golden the recommended $5,000.   The executrix appealed from each such decree.

---

[1] Section 39A reads in part, "At any time during the administration of an estate . . . the probate court shall have power to hear an application for, and fix and determine, the compensation and expenses of an attorney for services rendered to the estate or to its representative . . . .   In the event that the court shall determine that any sum . . . is . . . due to the petitioner . . . the compensation shall be awarded on an equitable basis in accordance with the size, importance, complexity and difficulty of the matters involved and the time spent thereon.   The court may direct payment thereof from the estate generally or from funds in the hands of the representative of the estate and belonging to any legatee, devisee, distributee or other person interested therein.

"In the event that the court shall determine that any such attorney has already . . . been paid a sum in excess of the fair value of his services on such equitable basis . . . the court shall have power to direct him to refund such excess.

"For the purposes of this section, the term 'estate' shall be deemed to include trusts . . . ."

The probate judge made reports of material facts in respect of (a) the decree allowing Mr. Golden $500 for costs and expenses, and (b) the decree denying the executrix's motion for costs to be paid by Mr. Golden. The significant facts found by the auditor are summarized below.

During his life the executrix's late husband, Ray B. Taft (Ray), received income from a trust (the Boston trust) under the will of Orray A. Taft, Jr. (Orray), of which a Boston trust company was trustee. At Ray's death, the question arose whether Ray's estate was entitled to share in the corpus of the Boston trust under certain provisions of Orray's will and two codicils, which are set out in the auditor's report. These questions were of sufficient importance, when applied to the family situation, to make desirable a petition for instructions. The resolution of the problems "involved determining the date of the termination of the trust and the time of the vesting of the interests of the beneficiaries for the purpose of determining which next of kin were the distributees." A petition for instructions was in fact filed and later amended. A Maine attorney represented the estate of Ray's sister Eleanor and a Boston law firm represented the sister's surviving child. Miss Buker, a Hingham attorney who rented an office in the same suite with Mr. Golden (but whose practice is wholly separate from his), "generally represented" the executrix in respect of her husband's estate. Miss Buker brought Mr. Golden (found by the auditor to be a lawyer of skill and experience) into the Suffolk proceedings and he thereafter acted for the executrix in claiming one half of the corpus of the Boston trust for Ray's estate. He did most of the work and Miss Buker performed only "a minor part."

Mr. Golden did substantial research on questions of law and "prepared a lengthy brief" in the Suffolk proceedings. Prior to the hearing, there were numerous conferences of counsel in an unsuccessful effort to settle the case. The case was heard on statements of counsel for there was "no dispute as to the facts." The judge made his decision after

receiving briefs. The gross value of the trust estate was about $80,000. The "maximum possible recovery by the . . . [executrix] under the most favorable interpretation . . . of . . . [Orray's] will . . . would have been slightly over $37,000." As a result of the decision the executrix eventually received $18,000. Mr. Golden advised an appeal. The executrix, after some conferences with Mr. Golden and Miss Buker, "informed . . . [Mr. Golden] that she preferred to accept one-quarter of the [Boston] trust estate rather than to be involved in further litigation and . . . delay, even if [by appeal] she might eventually obtain one-half of the trust estate." Mr. Golden told the attorney for the trustee that there would be no appeal and made arrangements for distribution to the executrix.

A final decree was then drafted which contained blank "spaces . . . for the insertion of the amounts of fees to be awarded in the" Suffolk proceedings. It was agreed by all counsel that $1,250 in the aggregate would be awarded to Miss Buker and Mr. Golden, and varying amounts between $650 and $1,500 to other counsel. The auditor states that "counsel agreed . . . that such figures would constitute compensation for services rendered to the" Boston trust in connection with the Suffolk proceedings, "and that counsel would each look to his own client for compensation for services rendered to that client." The decree was entered by the probate judge without hearing counsel on "the nature and the extent of their services."

On November 27, 1959, Mr. Golden gave to the executrix "a partial·bill for services rendered by himself and . . . [Miss] Buker" in the sum of $5,500. The bill was not paid and when Mr. Golden saw the executrix on January 4, 1960, she stated to him "that she had been informed that the . . . bill was excessive."

The auditor found "that during the approximately two years in which . . . [Mr. Golden] rendered services . . . he was required to and did spend . . . at least 250 hours . . . on its various aspects; that . . . [he] took part in innumerable conferences . . . wrote and received 28 letters,

discussed . . . 15 pleadings . . . and other documents, did extensive legal research . . . [and] prepared a lengthy brief.'' He also found that ''the matter . . . was complex and difficult'' and was ably handled by Mr. Golden.

The $1,250 compensation awarded to Mr. Golden and Miss Buker in the Suffolk proceedings was divided between them equally. He has received no other compensation.

1. The allowance of counsel fees in the Suffolk proceedings was in connection with an equity petition for instructions. The Suffolk probate judge, in addition to whatever powers may exist (see Scott, Trusts [2d ed.] §§ 188.4, 259) under general trust and chancery principles, had power to award counsel fees under G. L. c. 215, § 39B, inserted by St. 1951, c. 312, and § 45, as amended through St. 1931, c. 120, § 1.

There is indication that § 39B[2] was intended to liberalize somewhat the preëxisting powers of the Probate Court in respect of counsel fees but no prior decision has had occasion to discuss this section in great detail.[3]  See, e.g., *Perry* v. *Perry,* 339 Mass. 470, 483; *Mulcahy* v. *Boynton,* 341 Mass. 171, 178.  The language of § 39B is broad enough to give to the Probate Court power to award counsel fees, in the instances to which the statute applies, in an amount that will be fully compensatory as between solicitor and client. An award under § 39B, however, is expressed as being in the court's ''discretion.''  Various considerations may exist in particular cases which may properly lead a court to allow as counsel fees less than the full amounts for which

---

[2] Section 39B reads in part, ''When a decree is entered in a contested proceeding in equity . . . or to determine the construction of a will . . . the probate court may, *in its discretion as justice and equity may require,* provide that such sums as said court may deem *reasonable* be paid out of the estate in the hands of such fiduciary *to any party* to the proceeding on account of counsel fees and other expenses incurred by him in connection therewith.  The sums awarded shall be specified in the decree which may in such case direct that any sum so awarded *to any party* be paid in whole or in part to his counsel . . .'' (emphasis supplied).

[3] See discussion of §§ 39B and 45 in Newhall, Settlement of Estates (4th ed.) §§ 32, 33; Grinnell, An Act Relative to Counsel Fees and Certain Other Expenses in the Probate Courts, 36 Mass. L. Q. (No. 2, July, 1951) 48; Richter, Probate Fees: The Story of a Remedial Statute, 32 B. U. L. Rev. 54; Comment, 22 Bar Bull. 263.  See also 1957 Ann. Surv. of Mass. Law, § 12.4, p. 79.

the attorneys involved may properly charge their clients. See *Boynton* v. *Tarbell,* 272 Mass. 142, 145; *Lewis* v. *National Shawmut Bank,* 303 Mass. 187, 191. If counsel propose to charge their clients sums in addition to the amounts allowed by the judge, they are under obligation so to inform the judge when he grants the allowance. This will serve the purposes (a) of permitting the judge to act on allowances with full knowledge of the plans of counsel and to specify whether the allowance is to be taken as full compensation, and (b) of avoiding misunderstanding. Whatever may be the situation where a court expressly states that an award under § 39B is to be received as full compensation, in the present circumstances Mr. Golden was entitled to seek additional compensation under c. 215, § 39A (see fn. 1, *supra*). The auditor's findings as to the manner in which the amounts awarded as counsel fees were fixed indicates that the Suffolk probate judge made no determination that the awards were to preclude other compensation.

The award of fees in the Suffolk proceedings, even though ordered paid directly to Mr. Golden and Miss Buker, was in substance an allowance of costs to the executrix. The allowance to Mr. Golden must be taken by him as a payment on account to be applied toward his total reasonable compensation payable by the executrix. See *Boynton* v. *Tarbell,* 272 Mass. 142, 145.

2. The auditor's report constitutes a case stated. His subsidiary findings must stand unless they are not warranted by the evidence. His conclusions of fact reached by inference are open to review by the probate judge and by this court. *United States Fid. & Guar. Co.* v. *English Constr. Co.* 303 Mass. 105, 108–109. *Barnes* v. *Lee Sav. Bank,* 340 Mass. 87, 88. See G. L. c. 231, § 126.

In the Plymouth proceedings, by virtue of §§ 39 and 39A, Mr. Golden may properly be awarded the fair value of his services, less what he has already received in the Suffolk proceedings. See *McLaughlin* v. *Old Colony Trust Co.* 313 Mass. 329, 330. The considerations affecting the determination of what constitutes fair compensation to an attor-

ney are well established. *Cummings* v. *National Shawmut Bank,* 284 Mass. 563, 569. *Abrams* v. *Loew,* 335 Mass. 96, 100. *Muldoon* v. *West End Chevrolet, Inc.* 338 Mass. 91, 95–97. See *Phelan* v. *McCabe,* 343 Mass. 585, 588–589.

The auditor's report shows that the Suffolk case did not involve novel legal issues of extraordinary difficulty and that the necessary conferences and negotiations were not of abnormal complexity. There were no disputed issues of fact. In the circumstances, that 250 hours (at least thirty-five full working days at seven hours per day) were spent by Mr. Golden is not a controlling consideration. The total amount at issue, so far as the executrix was concerned, was $37,000, of which the executrix received $18,000. It does not appear that there was any contingent aspect to the payment of fees. We conclude that, for all services of both counsel for the executrix in the circumstances, a generous maximum amount reasonably to be allowed (including the $1,250 allowed in the Suffolk proceedings) is $3,500. Deducting the amounts already received by Mr. Golden and Miss Buker, Mr. Golden may be awarded $2,250 in this proceeding.

3. We cannot say that the denial of the executrix's motion to recommit was an abuse of discretion. See *Staples Coal Co.* v. *Ucello,* 333 Mass. 464, 467; *Ball* v. *Williamson,* 336 Mass. 547, 551.

4. The award of $500 costs to Mr. Golden in this proceeding cannot stand. The executrix had not paid or tendered to him any amount in excess of the amount awarded in the Suffolk proceedings. Mr. Golden, however, had submitted to her a bill "stated to be on account . . . in the sum of $5,500" which the auditor found was "a demand for payment." He and Miss Buker had already received $1,250. They thus were asking $6,750 for services which we have held could not be reasonably said to be worth more than $3,500. In the circumstances, he is not entitled to costs. The case is governed by *Mulcahy* v. *Boynton,* 341 Mass. 171, 178, and cases cited.

The auditor's findings indicate no attempt by the execu-

trix to reach an agreement with Mr. Golden upon a reasonable fee. She must bear some of the responsibility for these proceedings. The findings show that Mr. Golden's services had been diligent and satisfactorily performed, even if overvalued by him. In the circumstances, we think that the probate judge did not abuse his discretion in denying her costs and expenses to be paid by Mr. Golden.

5. The decrees awarding counsel fees and costs to Mr. Golden are reversed. A new decree is to be entered awarding $2,250 as compensation to Mr. Golden, in addition to the $625 awarded in the Suffolk proceedings. The new decree is to provide that the expense of printing the record upon this appeal shall be shared equally by the executrix and Mr. Golden. In other respects in connection with Mr. Golden's petition for counsel fees, no costs and expenses are to be allowed to either party to be paid by the other, either in this court or in the Probate Court. The decrees denying the motion to recommit the auditor's report, confirming the auditor's report, and denying the executrix's motion for costs are affirmed.

*So ordered.*