LOUIS CORRADO *vs.* CHARLES ROLLAND, JR. April 2, 1969. Following a verdict for the plaintiff in this motor vehicle tort action for personal injuries, the judge, subject to the plaintiff's exception, denied the plaintiff's motion for a new trial based on an averment that the damages were inadequate. The plaintiff argues that the inadequacy was due to the judge's error in admitting in evidence as an exhibit, a repair bill in the sum of $86. The bill had been paid by a third person, not a party, who owned the vehicle in which the plaintiff was seated at the time of the accident. The bill was admitted over objection while the plaintiff was under cross-examination. It was admitted solely "to show the parts of the car that were damaged." Although no proper foundation was laid for the admission of the bill in evidence, the error does not as matter of law require a new trial. G. L. c. 231, § 132. The bill remotely affected the issue of personal injuries. The plaintiff points to no request which, with the bill in evidence, he made and which the judge declined to give on the issue of damages, nor to any error or inadequacy in the instructions given on that issue. The plaintiff's evidence of personal injury, although uncontradicted, did not require acceptance by the jury. *Moran* v. *Pieroni, Inc.* 326 Mass. 516.

*Exceptions overruled.*

*Louis H. Casson* for the plaintiff.

*A. William Kennedy* for the defendant.

L. THOMAS SHINE & another, trustees, [1] *vs.* CHARLES O. MONAHAN, executor, & others. [2] April 3, 1969. The respondent Margaret A. Donnelly, individually as legatee under the will of Edward O'Toole and as executrix under the will of Mary L. O'Toole, appeals from that part of a decree ordering the payment of certain sums to five attorneys as counsel fees from the principal of the Edward O'Toole Trust, an inter vivos trust. Her argument is now directed exclusively to the fee of $8,400 plus costs of $148.47 ordered paid to one attorney representing a firm of lawyers for services rendered by them preparatory to and in connection with a petition for instructions for the trustees heard in the Probate Court and reviewed in this court in *Shine* v. *Monahan,* 354 Mass. 680. The considerations which enter into a proper evaluation of counsel's services have been dealt with in many cases, most recently in *Golden* v. *Taft,* 344 Mass. 152, citing cases. This is a case where conservative principles should apply. Although the fee seems high we cannot say with reasonable assurance on this record that the judge failed to apply them.

*Decree affirmed.*

*Henry C. Donnelly* (*Francis T. Mullin* with him) for Margaret A. Donnelly.

*Kevin Hern & Diane T. Lund,* for the petitioners, submitted a brief.

[1] Norfolk County Trust Company.

[2] Margaret A. Donnelly, and others interested in the estates of the O'Tooles.