Steadman, J.
This litigation arises from the renovation and expansion of the John B. Hynes Veterans Memorial Convention Center (the “Hynes”). Among the litigants are the Massachusetts Convention Center Authority (the “MCCA”), owner and operator of the Hynes, Bond Brothers. Inc. and Dugan & Meyers Construction Company, joint venturers (“BB/DM”), general contractor, and Cold Spring Granite Company, stone subcontractor (“Cold Spring"). The MCCA. BB/DM and Cold Spring are before the court on the MCCA’s motion for summary judgment against BB/DM on its third-party complaint in the action brought by Cold Spring Granite against BB/DM and BB/DM’s motion for declaratory judgment against Cold Spring. Both motions shall be denied.
BACKGROUND
The following facts are undisputed:
On September 27, 1985. the MCCA and BB/DM executed the Authority-Contractor Agreement (“general contract”) for Phase II of the Hynes Construction. The original contract sum was $11.3 million, with substantial completion of the work to be achieved on December 31, 1987. The general contract includes work to be performed by approximately twenty subcontractors.
The MCCA’s architect. Kallman, McKinnell & Wood Architects, Inc. (“KMW”), prepared specifications for the exterior and interior stone work including specifications for the stone backup system which stated in part:
*271 The Stone Subcontractor may provide a unitized system which shall include steel trusses ... or other systems which will meet the design criteria and minimum requirements specified herein. (Emphasis added.)
Pursuant to G.L.c. 149, §§44A et seq., the MCCA invited sub-bids. After the stone work specifications were modified, Cold Spring’s third sub-bid was accepted. BB/DM and Cold Spring subsequently executed a subcontract whereby Cold Spring was to perform the stone work required by the specifications on which it had bid. Cold Spring performed the stone work including work conforming to additional specifications supplied by KMW for the stone backup system.
On November 17, 1989, pursuant to G.L.c. 149, §29, Cold Spring filed Suffolk Superior Court Civil Action No. 89-6480 against BB/DM to recover monies due, partly as a result of modifications to the subcontract. On December 13, 1989, BB/DM impleaded the MCCA, seeking indemnification and amounts for overhead and profit as provided in the general contract. The MCCA filed its answer to the third-party complaint on January 11, 1990. Neither the MCCA nor BB/DM pleaded illegality of the subcontract as an affirmative defense. The MCCA’s September 18, 1992 motion for leave to amend its answer has been denied by this court on the basis of undue delay.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c).
The MCCA’s Motion for Summary Judgment Against BB/DM on its Third-Party Complaint
The MCCA contends that Cold Spring cannot recover. According to the MCCA, the Cold Spring subcontract is void because the stone work specifications, on which Cold Spring based its sub-bid, constituted an illegal “performance specification” in violation of the Massachusetts competitive bidding statutes, G.L.c. 149, §§44A et seq. See Datatrol Inc. v. State Purchasing Agent, 379 Mass. 679, 697 (1980) (“specifications must state the quantity and quality of the work required with as much certainty and definiteness as may be practicable”).
The MCCA is precluded from pursuing this argument, however, by its failure to plead illegality as an affirmative defense. “(A]s a general rule, a defendant cannot avoid an obligation on the ground of illegality without setting up such alleged illegality in his answer." Barsky v. Hansen, 311 Mass. 14, 17 (1942). See Staples Coal Co. v. Ucello, 333 Mass. 464, 468 (1956); Whittingslow v. Thomas, 237 Mass. 103, 105 (1921). The MCCA’s unduly belated effort to amend its answer is to no avail. See Castellucci v. United States Fidelity and Guar. Co., 372 Mass. 288, 292 (1977) (undue delay warrants court’s denial of motion to amend pleading).
The MCCA contends that public policy compels the court to allow the MCCA’s summary judgment motion notwithstanding its failure to plead illegality. The court disagrees. The court does not find that the alleged illegality is such that it would be “clearly contrary to public policy to enforce a contract tainted thereby.” Cadillac Automobile Co. of Boston v. Engeian, 339 Mass. 26, 29-30 (1959).
BB/DM’s Motion for Declaratory Judgment
In response to the MCCA’s motion for summary judgment, BB/DM moves for declaratory judgment against Cold Spring. BB/DM argues that it would be entitled to declaratory judgment against Cold Spring if the MCCA motion were allowed. Since the MCCA’s motion shall be denied, BB/DM’s motion is moot.
ORDER
For the foregoing reasons, in Civil No. 89-6480 (Suffolk Super. Ct.). it is hereby ORDERED that the Massachusetts Convention Center Authority’s motion for summary judgment against Bond Brothers/Dugan & Meyers on its third-party complaint in the Cold Spring Granite lawsuit be DENIED.
In addition, in Civil No. 89-6480 (Suffolk Super. Ct.), it is hereby ORDERED that defendant Bond Brothers/Dugan & Meyer’s motion for declaratory judgment pursuant to G.L.c. 231A be DENIED.