BENEDICT F. FITZGERALD, JR. *vs.* GREGORY A. FITZGERALD & others. July 23, 1980. There was no error in disallowing the probate of the decedent's will offered by the proponent. The judge found that the decedent lacked testamentary capacity due to her diagnosed senility and chronic brain syndrome, that the proponent, the decedent's son and attorney, exercised a strong domineering influence over her while simultaneously managing her financial and legal affairs, and that he brought the decedent to a bank where three employees witnessed the decedent's execution of the will which the plaintiff had drafted. These findings are based upon substantial evidence and the judge's assessment of credibility, and we will not disturb them. *Nickerson* v. *Fiduciary Trust Co.*, 6 Mass. App. Ct. 317, 318 (1978). *Markell* v. *Sidney B. Pfeifer Foundation, Inc.*, 9 Mass. App. Ct. 412, 416 (1980). They support the judge's conclusion that the decedent was susceptible to the undue influence exercised over her by the proponent and that as a result of that influence, she executed the will in issue. *Neill* v. *Brackett*, 234 Mass. 367, 370 (1920). *Tarricone* v. *Cummings*, 340 Mass. 758, 761 (1960). *Miles* v. *Caples*, 362 Mass. 107, 112 (1972). Moreover, the correspondence between the proponent and the decedent was not erroneously excluded from evidence. These letters were of dubious relevancy, at best, see *Poirier* v. *Plymouth*, 374 Mass. 206, 209-210 (1978), and the proponent made no formal offer of the letters. *Old Colony Trust Co.* v. *Third Universalist Soc.*, 285 Mass. 146, 149-150 (1934). *Mazzaro* v. *Paull*, 372 Mass. 645, 648, 653 (1977).

*Decree affirmed.*

*Thomas B. Shea* for Benedict F. Fitzgerald, Jr.
*Roy C. Papalia* (*John F. Corbett* with him) for Gregory A. Fitzgerald & another.