COMMONWEALTH *vs.* JOHN POLYDORES. May 18, 1987. *Practice, Criminal,* Disclosure of evidence, Judicial discretion, Recalling witness. *Evidence,* Cross-examination, Judicial discretion, Offer of proof, Impeachment of credibility. *Witness,* Recalling. *Judge. Assault and Battery. Words,* "Dangerous weapon."

The defendant was tried on four charges: kidnapping his son, kidnapping his daughter, kidnapping their mother, and assaulting and battering the mother with a dangerous weapon, a shod foot. The judge, at the close of the Commonwealth's case, ordered required findings of not guilty on the indictments charging kidnapping of the defendant's children. The case went to the jury on the other two charges (in which the children's mother was the alleged victim), and the jury returned a verdict of not guilty on the kidnapping charge and guilty on the charge of assault and battery with a dangerous weapon. The appeal is from that conviction.

1. While it is true that the judge was highly skeptical of the defense counsel's moves in getting into the subject of the mother's having lost custody of the children to the Department of Social Services, he nevertheless permitted defense counsel to explore the matter thoroughly on cross-examination of the mother. Only when it was clear that the mother emphatically denied having been threatened by the department with loss of the children if she did not "get rid of" the defendant did the judge terminate the fishing

expedition. This was within his discretion. See *Commonwealth* v. *Dominico,* 1 Mass. App. Ct. 693, 714 (1974). Whether to permit recall of the mother for further cross-examination on the subject of letters she wrote to the defendant also lay within the sound discretion of the judge. *Commonwealth* v. *Hicks,* 375 Mass. 274, 276 (1978). The letters had been in the possession of the defendant prior to the trial, and the judge had ample reason to believe that defense counsel had been aware of them before trial. In the circumstances the judge did not abuse his discretion.

2. The judge was willing to admit the letters in evidence in their entirety. It was the defendant who chose to offer only one for admission on that basis. He wanted only excerpts from the other letters admitted. The Commonwealth objected, and the judge rejected the offer of excerpts. Without the letters in the record we are in no position to second-guess the judge's ruling. The correct procedure in order to preserve the objection is to make an offer of proof, mark the excluded documents for identification, and include them in the record appendix. See *Old Colony Trust Co.* v. *Third Universalist Soc.,* 285 Mass. 146, 149 (1934); *Mazzaro* v. *Paull,* 372 Mass. 645, 648, 652, & n.9 (1977); *Torre* v. *Harris-Seybold Co.,* 9 Mass. App. Ct. 660, 673 (1980); *Fitzgerald* v. *Fitzgerald,* 10 Mass. App. Ct. 849 (1980).

3. The judge denied the defendant's belated motion to preclude impeachment of the defendant by his prior convictions. The judge refused to allow such a motion in blank: He insisted on a more specific motion, identifying the particular convictions that the defendant sought to exclude. The judge also indicated that he would exclude any prior convictions of the offenses for which the defendant was standing trial. Whether he would broaden the exclusion to cover similar offenses he declined to say in the abstract. This was entirely proper. The matter was not developed further because the defendant elected not to testify.

4. The trial judge was not asked to recuse himself, and there was not reason for him to do so. It is true that there was considerable tension between defense counsel and the judge at several points in the trial, but the judge's admonitions were, on our reading of the transcript, fully justified by the borderline behavior of defense counsel. The judge seems to have taken care to deliver the admonitions out of the presence of the jury, and his actions on the motions for required findings of not guilty, as well as his general demeanor throughout the parts of the trial to which the jury were privy, indicate that the judge retained his objectivity at all times and ensured that the jury would not be influenced by his jaundiced view of defense counsel's tactics.

5. In *Commonwealth* v. *Marrero,* 19 Mass. App. Ct. 921, 923-924 (1984), it was held that kicking by feet shod with sneakers presented a question for the jury whether the defendant employed a dangerous weapon. Normally, the injury enhancing potential of an article used in an assault presents a question of fact for the jury. *Commonwealth* v. *Appleby,* 380 Mass. 296, 304-307 (1980). *Commonwealth* v. *Davis,* 10 Mass. App. Ct.

Rescript Opinions.

190, 192-193 (1980). The evidence in this case is that the defendant's feet were shod with running shoes, that he kicked the victim repeatedly, and that she sustained, along with black eyes and bruises, a fractured nose. The jury saw a photograph of the victim's face after the assault. The question is close, but we think the judge did not err in ruling that the evidence presented a question of fact for the jury's resolution on proper instructions.

*Judgment affirmed.*

*Douglas C. Marshall* for the defendant.

*Katherine E. McMahon,* Assistant District Attorney, for the Commonwealth.