## COMMONWEALTH *vs.* MARTIN FERNANDEZ.

No. 96-P-1271.

Suffolk. April 29, 1997. - August 6, 1997.

Present: ARMSTRONG, BROWN, & JACOBS, JJ.

*Practice, Criminal,* Assistance of counsel, Required finding. *Assault and Battery by Means of a Dangerous Weapon.*

A criminal defendant did not demonstrate that his trial counsel was ineffective for failure to move for a required finding of not guilty based on an assertion that sneakers are not a dangerous weapon ("shod foot") as matter of law, where there was sufficient evidence to prove that the defendant had used his sneakers as a dangerous weapon by repeatedly kicking the officers who arrested him. [314-316]

COMPLAINT received and sworn to in the East Boston Division of the District Court Department on September 8, 1992.

On appeal to the jury session of the Boston Municipal Court Department, the case was heard by *Sally A. Kelly,* J., and a motion to vacate judgment was considered by her.

*Miriam Conrad* for the defendant.

*Kristine Luongo Tammaro,* Assistant District Attorney, for the Commonwealth.

BROWN, J. This is a collateral attack on a judgment of conviction based on ineffective assistance of trial counsel. This was the trial de novo appeal of a conviction, upon which an extremely lenient sentence involving no incarceration had been imposed. See note 2, *infra.* At any event, nothing has been made to appear that would cause us to grant the defendant another trial. See *Commonwealth* v. *Amirault,* 424 Mass. 618, 652 n.24 (1997).

Following a second bench trial (a jury having been waived) in the Boston Municipal Court, the defendant was convicted of two counts of assault and battery by means of a dangerous weapon, to wit, a shod foot (G. L. c. 265, § 15A[*b*]), and was

sentenced to one year's probation.[1] On March 8, 1996, more than three years after his conviction, the defendant filed a motion to vacate the judgment, see Mass.R.Crim.P. 30(b), 378 Mass. 900 (1979), claiming that trial counsel rendered ineffective assistance.[2] The trial judge denied the motion without a hearing.[3] The defendant then filed this appeal.

We summarize the evidence in the light most favorable to the Commonwealth. At approximately 10:15 P.M. on September 4, 1992, Boston police officers Jose Molina, Jr., and Willie Hamilton were dispatched to Day Square in East Boston to disperse a large crowd that had formed outside of Riley's Roast Beef. The defendant responded to the order to disperse by telling Officer Molina, "Go fuck yourself." The defendant pushed Officer Hamilton, causing him to fall to the ground. The defendant then ran down Chelsea Street; Hamilton chased him on foot. Molina entered his cruiser, picked up Hamilton, and continued to pursue the defendant down Chelsea Street.

The defendant entered a motor vehicle, and the officers continued to pursue him. Upon stopping the motor vehicle, the defendant alighted from it and engaged in an altercation with Hamilton. Molina, seeing the defendant throw punches at his partner, called for backup and went to assist Hamilton. After a struggle, the two officers managed to handcuff the defendant. The officers then attempted to place the defendant inside the police cruiser. The defendant continued to struggle with the officers. The defendant, shod in sneakers, kicked both officers several times. Molina was kicked in the midsection and upper chest; Hamilton was kicked in the midsection and the groin area.[4] The defendant eventually was placed inside the cruiser by the officers, but all the while "he kept on kicking and kicking" both officers.

On appeal, the defendant maintains that his motion to vacate

---

[1]The defendant was acquitted of a related charge of possession of a Class D substance. G. L. c. 94C, § 34.

[2]Based on the tardiness of the collateral attack and the fact that current counsel is a Federal public defender, one can surmise that this defendant is facing an enhanced penalty in the Federal system for multiple prior convictions.

[3]The defendant does not allege that he was entitled to a hearing on his motion.

[4]On cross-examination, Molina testified that the defendant was fighting and kicking before and after he was put in the cruiser and was kicking as the officers attempted to grab his legs.

his conviction should have been allowed because his trial counsel failed to move for a required finding of not guilty.[5] The defendant would have us conclude that sneakers are not a dangerous weapon as matter of law.[6] Our decisions hold the contrary. We further reject the defendant's specific contention that there was insufficient evidence to establish that his sneakers had been employed as a dangerous weapon.

"The essential question, when an object which is not dangerous per se is alleged to be a dangerous weapon . . . [is] whether the object, as used by the defendant, is capable of producing serious bodily harm." *Commonwealth* v. *Mercado*, 24 Mass. App. Ct. 391, 397 (1987), quoting from *Commonwealth* v. *Marrero*, 19 Mass. App. Ct. 921, 922 (1984). Accord *Commonwealth* v. *Farrell*, 322 Mass. 606, 614-615 (1948); *Commonwealth* v. *Appleby*, 380 Mass. 296, 304 (1980); *Commonwealth* v. *Sexton*, 425 Mass. 146, 149 (1997). "Resolution of these questions is invariably for the fact finder and involves not only consideration of any evidence as to the nature and specific features of the object but also attention to the circumstances surrounding the assault and the use of the object, and the manner in which it was handled or controlled." *Commonwealth* v. *Marrero*, *supra* at 922 (citation omitted).

"Footwear, such as a shoe, when used to kick, can be a dangerous weapon." *Id.* at 922. See, e.g., *Commonwealth* v. *Polydores*, 24 Mass. App. Ct. 923, 924-925 (1987); *Commonwealth* v. *Zawatsky*, 41 Mass. App. Ct. 392, 398 (1996). In contrast with *Commonwealth* v. *Mercado*, 24 Mass. App. Ct. at 397, where this court reversed a shod foot conviction because the evidence indicated the defendant's kick resembled a "nudge," here there was evidence that the defendant kicked the officers several times as they attempted to put him in the cruiser. Concededly, there was no evidence as to the manner in which the defendant kicked the officers, or any indication of the degree of force used; nor was there testimony that the officers were

---

[5]Clearly, the evidence was sufficient to support a conviction for simple assault and battery. See G. L. c. 265, 13A. Moreover, contrary to the defendant's contention, we think the evidence warranted a finding that the defendant's conduct was not accidental.

[6]A bare foot, even when used to kick, is not a dangerous weapon. *Commonwealth* v. *Davis*, 10 Mass. App. Ct. 190, 193 (1980). We note in passing that the defendant's contention at trial was that he never kicked the officers.

injured as a result of the defendant's kicking.[7] See and compare *Commonwealth* v. *Appleby*, 380 Mass. at 307. There was, however, evidence that the defendant, wildly and continuously, kicked both officers many times, and administered at least one kick to Officer Hamilton's groin area.[8] See and compare *Commonwealth* v. *Polydores*, *supra* at 925 (feet shod with running shoes). Without viewing the defendant's actions in the context of resisting arrest, we conclude that there was sufficient evidence to prove that the defendant employed his sneakers as a dangerous weapon.

In light of the presence in this case of a significant legal issue, we think it was unreasonable for trial counsel not to challenge that portion of the offense relating to the use of a dangerous weapon. We can, however, confidently conclude that a more aggressive attack by trial counsel on the Commonwealth's theory that, as used, the defendant's shod foot was a dangerous weapon would not have "accomplished something material for the defense." See *Commonwealth* v. *Satterfield*, 373 Mass. 109, 115 (1977).

*Order denying motion to vacate*
*judgment affirmed.*

---

[7]Prior to sentencing, Officer Molina indicated that he sustained minor bruises as a result of the incident. The trial judge, however, had already found the defendant guilty. A judge, of course, "may not rely on evidence that is not properly before [her]." *Commonwealth* v. *Rodriguez*, 425 Mass. 361, 368 (1997). We, however, do not wish to intimate that the nature and extent of the injury are irrelevant to the determination of whether a shod foot has been used in a dangerous manner. See, e.g., *Commonwealth* v. *Zawatsky*, *supra* at 398 (noting that the victim sustained head injury); *Commonwealth* v. *Polydores*, *supra* at 925 (noting that the victim sustained black eyes, bruises and broken nose); *Commonwealth* v. *Marrero*, *supra* at 923 (emphasizing the fact that the victim's chest bore "footprints").

[8]We have little difficulty concluding that even a kick to the groin area with an *unshod* foot (see note 6, *supra*) is more than capable of causing severe injury without regard to the manner and force of the kick.