While driving eastbound on Summer Street in Arlington, the defendant, William C. Snyder, hit a stopped car. A softball tournament was in process in the accident vicinity at the time, and the traffic was "heavily congested with pedestrians and cars." No persons were injured but the vehicle Snyder hit was heavily damaged and had to be towed from the scene. A police officer arrived soon after the accident and questioned several witnesses, all of whom stated that the cars in front of Snyder "stopped at a crosswalk to let a pedestrian go by." The officer also interviewed Snyder, who "admit[ted] to [the officer] that he wasn't paying attention which caused the accident." The officer cited Snyder for following too closely. A District Court judge found Snyder responsible and assessed a twenty-dollar fine. On Snyder's appeal, the Appellate Division of the District Court Department summarily affirmed and dismissed. We affirm.
The evidence submitted, which included the officer's citation and police report as well as the officer's testimony on direct and Snyder's cross-examination, was sufficient to permit the judge to conclude that, given the nature of the accident and Snyder's admitted inattention, if nothing else, Snyder was following the car in front of him "more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic." 720 Code Mass. Regs. § 9.06(7) (1996). See Traffic Rules and Orders for the Town of Arlington, Art. VII, § 5 (identical text as Code Mass. Regs.). That the citation incorrectly identified the section number under which Snyder was charged is of no moment in that the citation correctly described the traffic offense charged and Snyder does not claim he was confused or otherwise materially prejudiced. Compare New Palm Gardens, Inc. v. Alcoholic Bevs. Control Commn., 11 Mass. App. Ct. 785, 788 (1981).
While we appreciate that Snyder somewhat equivocally denied at trial his admission to the officer that he was inattentive while driving, the judge's conclusions were, in effect, based on an assessment of the officer's and Snyder's credibility; "the credibility of a party or other witness who appeared at trial is quintessentially the domain of the trial judge, in which the judge's assessment is close to immune from reversal on appeal except on the most compelling of showings." Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995). Snyder has made no such showing here.
We acknowledge that the trial judge expressed some impatience with Snyder's frequent deviations into irrelevant or redundant subjects, and several times attempted to focus Snyder on more relevant questions, at one point explicitly stating, "[L]et me explain it to you one more time. ... I would like you to tell me why you felt you were not following too closely." Nonetheless, we see no indication that the trial judge prevented Snyder from presenting any argument or evidence that he wished and Snyder has brought to our attention nothing suggesting the contrary.[2]
Snyder now suggests he is in possession of certain photographs that tend to cast doubt on the officer's credibility insofar as they show that, contrary to the officer's testimony, the accident scene was in fact not near a crosswalk. But Snyder made no attempt to introduce those photographs in evidence and made no offer of proof.[3] We need not consider Snyder's argument further. Commonwealth v. Polydores, 24 Mass. App. Ct. 923, 924 (1987).
Decision and order of Appellate Division affirmed.

The trial transcript does not support Snyder's assertion that he requested a continuance "to pursue his cross-examination" or that the judge denied any such request. When the judge asked Snyder whether he had "[a]nything else [he wanted] to say to [him]," Snyder stated that he had "a half dozen other questions about the establishment of following too closely." But Snyder never asked those questions and rested without objection.

Had Snyder moved to admit the photographs in evidence, and had the judge rejected them, we doubt any error would have been prejudicial because such photographs would merely have been cumulative of Snyder's explicit assertion at trial that the accident scene "was nowhere near a crosswalk."