NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-808

COMMONWEALTH

vs.

LUIS ORTA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Convicted after a jury-waived trial of assault and battery by means of a dangerous weapon (a sandal), G. L. c. 265, § 15A (b), on his eight year old son, the defendant appeals.[1]  He argues that the judge should have allowed his motion for a required finding of not guilty because the evidence did not establish the elements of the crime and the prosecutor misrepresented the victim's testimony in her closing argument. As we conclude that there was insufficient evidence to prove

---

[1] The defendant was also charged with assault and battery by means of a dangerous weapon (a spatula), G. L. c. 265, § 15A (b); assault and battery on a child causing bodily injury, G. L. c. 265, § 13J (b); and intimidation of a witness, G. L. c. 268, § 13B.  The judge acquitted the defendant of these three charges.

that the sandal was used as a dangerous weapon, we vacate the judgment of conviction on the charge of assault by means of a dangerous weapon, order the entry of a new judgment of conviction on the lesser included offense of assault and battery, G. L. c. 265, § 13A (a), and remand for resentencing.

Background. The complaint alleged that between May 26 and 30, 2017, the defendant assaulted and beat the victim by means of a dangerous weapon, a sandal. At trial, the Commonwealth's case consisted of the testimony of the victim and photographic exhibits. At the close of the Commonwealth's case, the defendant moved for a required finding of not guilty, which the judge denied. The defendant then testified that during Memorial Day weekend 2017 he did not discipline the victim and did not hit him, but on another occasion pulled the victim's ear. The judge found the defendant guilty, and the defendant appealed.

Discussion. 1. Dangerous weapon. The defendant argues that he was entitled to a required finding of not guilty because the Commonwealth did not prove that he intentionally touched the victim with the sandal in a manner using it as a dangerous weapon.

When reviewing for sufficiency of the evidence, we consider the evidence "in the light most favorable to the Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"

(citation omitted).  Commonwealth v. Lagotic, 102 Mass. App. Ct. 405, 407 (2023).  See Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).  To prove assault and battery by means of a dangerous weapon, the Commonwealth was required to establish that the defendant committed an "intentional, unjustified touching, however slight, by means of [a] dangerous weapon." Commonwealth v. Appleby, 380 Mass. 296, 306 (1980).  See Instruction 6.300 of the Criminal Model Jury Instructions for Use in the District Court (2019).  To prove that an object is a dangerous weapon, the Commonwealth must establish either that it is dangerous per se or it is "used in a manner that makes it dangerous in fact."  Commonwealth v. Leonard, 90 Mass. App. Ct. 187, 191 (2016).  As a sandal is not an object that is dangerous per se, the Commonwealth needed to prove that the defendant used it in a manner "capable of producing serious bodily harm." Commonwealth v. Mattei, 455 Mass. 840, 844 (2010), quoting Commonwealth v. Tevlin, 433 Mass. 305, 310 (2001).

During direct examination of the victim, the prosecutor stated that she was showing the victim "the third page," from which we infer that she showed the victim Exhibit 3.[2]  Exhibit 3 consisted of two photographs, one of the victim's ear and the

_____

[2] When referring to those exhibits during the victim's testimony, the prosecutor did not mention the exhibit number, but rather referred to what she was showing the victim as "the third picture or the third page."

3

other of his neck.  Without specifying which photograph she was referring to, the prosecutor elicited the following testimony:

Prosecutor:  "Okay.  So we're going to look at the third picture or the third page.  What's that a picture of?"

Victim:  "This right here, I kind of got -- he kind of got mad and -- I forgot.  I can't answer that."

Prosecutor:  "When you say he, who is he?"

Victim:  "Dad [the defendant] . . . .  Sometimes if you didn't listen, he'd grab something like harmful and hit us with it.  And this one is the same thing as getting -- being tugged by the ear."

Prosecutor:  "And that's a picture of your ear?"

Victim:  "Yes."

Prosecutor:  "You said sometimes he would grab things?"

Victim:  "Yeah; that are harmful."

Prosecutor:  "Like what?"

Victim:  "Like a -- like sandals . . . .  Sandals.  And other harmful things, except weapons.  No weapons.  He never did that."

. . . .

Prosecutor:  "What would he do with the sandal?"

Victim:  "He -- he'd, if -- he'd sometimes give -- give us a second chance.  If you don't follow what he said, he will just -- he will -- he will just come over and -- and use that harmful -- harmful object to -- to harm us."

Prosecutor:  "And how would he harm you?"

Victim:  "He'd -- he'd hit us with it sometimes.  If we didn't really listen, we'd probably get in trouble.  But sometimes he'd put us in time-out.  Sometimes, but not -- not always."

Prosecutor:  "Okay.  Do you remember what part of your body he would hit you with the sandal with?"

4

Victim:  "I can't answer that.  I forgot about it."

Even assuming that testimony, in the light most favorable to the Commonwealth, amounted to proof that the defendant hit the victim with a sandal "to harm [him]," it did not suffice to prove that the defendant used the sandal in a manner capable of producing "serious bodily harm." Mattei, 455 Mass. at 844. There was no evidence about the size, weight, or material of the sandal, or the force with which the defendant handled it.  See Appleby, 380 Mass. at 307 n.5 (relevant factors in determining whether object is dangerous include "nature, size, and shape of the object as well as the way in which it is handled").  Nor was there evidence about where on the victim's body he was hit with the sandal.  Contrast Commonwealth v. Fernandez, 43 Mass. App. Ct. 313, 316 n.8 (1997) (kick to groin is "more than capable of causing severe injury without regard to the manner and force of the kick").  The Commonwealth never established any connection between the victim's testimony that he was "hit" with the sandal and the photographs of injuries.  And, in response to a direct question about where the defendant hit him with the sandal, the victim replied, "I can't answer that.  I forgot."  Therefore, the Commonwealth did not prove that the defendant used the sandal in a manner capable of producing serious bodily harm, and thus did not prove that it was a dangerous weapon.

5

When a fact finder "convicts a defendant of a crime despite insufficient evidence of a required element" and the "remaining untainted elements include all the elements of a lesser included offense, we generally correct the error by vacating conviction of the greater crime, and remanding for entry of conviction of the lesser included offense."  Commonwealth v. Garrett, 473 Mass. 257, 266 (2015), quoting Commonwealth v. Labadie, 467 Mass. 81, 88, cert. denied sub nom. Carcieri v. Massachusetts, 574 U.S. 902 (2014).  In this case, the evidence proved the elements of the lesser included offense of simple assault and battery, G. L. c. 265, § 13A (a).  See Commonwealth v. Kelly, 470 Mass. 682, 699 (2015).  The victim testified that the defendant hit him with "harmful object[s]," including a sandal. In those circumstances, we order entry of a conviction on the lesser included offense of assault and battery.

2.  Date of offense.  The defendant argues that the Commonwealth did not prove that the crime occurred during the four-day period alleged in the complaint, May 26 to 30, 2017. The argument is unavailing.  "These dates are not an essential element of the crime."  Commonwealth v. Sullivan, 492 Mass. 36, 48 n.23 (2023).  The lack of evidence that the assault and battery occurred during those four days does not, in the absence of prejudice, warrant reversal of the defendant's conviction.

6

See G. L. c. 277, § 35; Commonwealth v. Lester, 70 Mass. App. Ct. 55, 70 n.16 (2007).

3. Parental discipline defense. The defendant claims, for the first time on appeal, that the Commonwealth did not prove that the assault and battery was unjustified because as a parent he was entitled to use reasonable force to discipline the victim. The problem with his claim is that he never raised a parental privilege defense at trial.

Parental privilege is an affirmative defense. See Commonwealth v. Dorvil, 472 Mass. 1, 12-13 (2015). "As with other affirmative defenses," if the parental privilege defense is properly raised before the fact finder, "the Commonwealth bears the burden of disproving at least one prong of the defense beyond a reasonable doubt." Id. at 13. Had the defendant properly raised the parental privilege defense, the Commonwealth would have been required to prove that (1) the force used against the victim was unreasonable, (2) the force used was not reasonably related to preventing or punishing the victim's misconduct, or (3) the force caused (or created a substantial risk of causing) physical harm, gross degradation, or severe mental distress. Id. at 12.

Rather than raise a parental privilege defense, the defendant testified that he never hit the victim with any objects and that specifically during Memorial Day weekend 2017

he did not discipline the victim and did not hit him. In those circumstances, a parental privilege defense was not available to him. Cf. Commonwealth v. Grafton, 93 Mass. App. Ct. 717, 722-723 (2018) (defendant did not raise defense of authority to remove smoke detectors, but testified "he had nothing to do with" their removal, so defense of authority was "unavailable to him"). Contrast Commonwealth v. Rosa, 94 Mass. App. Ct. 458, 462-463 (2018) (defendant raised parental privilege defense).

4. Closing argument. The defendant contends that in her closing argument the prosecutor misrepresented the victim's testimony. Specifically, the defendant takes issue with the prosecutor's argument that the victim was "very clear in regards to -- and I believe it was Exhibit No. 3. There was a mark on the back of his neck. He stated that was from being hit with a sandal." The defendant did not object, and so we review for a substantial risk of a miscarriage of justice. See Commonwealth v. Martinez, 67 Mass. App. Ct. 788, 796 (2006).

As discussed above, the victim did not testify that the defendant used the sandal to cause any injury depicted in the photographic exhibits. But even if the prosecutor erred in making that argument, there was no substantial risk of a miscarriage of justice, because we have ordered that so much of the conviction must be vacated as alleged that the defendant used the sandal as a dangerous weapon. Moreover, when a judge

8

is the fact finder at trial, "it is presumed that the judge . . . applies correct legal principles" (quotation and citation omitted).  Commonwealth v. Daley, 66 Mass. App. Ct. 254, 257 (2006).  As this trial was jury-waived, we assume, as we must, that the judge correctly applied the law and relied on his own memory of the evidence.  In those circumstances, we discern no substantial risk of a miscarriage of justice.

Conclusion.  The judgment of conviction on the complaint charging the defendant with assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b), is vacated, and the finding is set aside.  A new judgment of conviction shall enter on so much of the complaint as alleges the lesser included offense of assault and battery, G. L. c. 265, § 13A (a).  The matter is remanded for resentencing.

So ordered.

By the Court (Shin, Grant & Smyth, JJ.[3]),

Clerk

Entered:  September 27, 2024.

---

[3] The panelists are listed in order of seniority.