NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-817

GUARDIANSHIP OF SHANICE.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The appellant Addie Roberge (guardian) successfully defended against a petition, filed by Wesley LaCroix (petitioner), to remove Roberge as guardian of a minor child (the child).  The Probate and Family Court judge entered a decree dismissing LaCroix's petition, but in doing so the judge denied the guardian's request for attorney's fees and costs that she incurred in her defense.  The guardian appeals from the denial of fees and costs, arguing that the judge abused her discretion -- in particular, that the judge erred when she based her denial on determinations that LaCroix's petition was neither meritless nor brought in bad faith.  We discern no abuse of discretion and accordingly, affirm the decree.

Background.  The child that is the subject of the guardianship was born in 2012.  The petitioner was the sometimes

_____

[1] A pseudonym.

boyfriend of the child's biological mother.  The petitioner lived with the child and the child's mother on and off from the child's birth until late 2015, when the child's mother was arrested in connection with her substance misuse and the child moved in with her maternal grandparents.  Prior to the mother's arrest, she had sole custody of the child.  The relationship between the petitioner and the child's mother was volatile, with the petitioner engaging in violence toward the mother while the child was in the home.

The child's maternal grandparents became the child's permanent guardians on January 4, 2016.  The maternal grandparents allowed the petitioner to visit with the child while they remained the child's guardians, but the grandparents ended the visits in the late spring of 2021 due to the petitioner's behavior toward them.  In March of 2021, the child's maternal aunt, Addie Roberge, assumed the role of the child's permanent guardian due to the maternal grandparents' advancing age.  The child has not seen or communicated with the petitioner since May 2021.

In December 2021, the petitioner filed a petition for removal of guardian and a petition for appointment of guardian of minor, seeking to have the child's maternal aunt removed and to have himself appointed the child's new guardian.  The judge held a two-day trial in January 2023, after which she found that

2

it was not in the child's best interests to remove the maternal aunt as guardian. While the judge found that the petitioner had been a father figure to the child for a time, she also found that the care the child received during that period was contrary to the child's best interests, and that the petitioner had failed to present sufficient evidence that he was a de facto parent to the child. Furthermore, the judge found that the petitioner had failed to present evidence that the child's needs were not being met while under the care of her current guardian, the maternal aunt.

Prior to trial, on December 27, 2022, the guardian filed a motion for attorney's fees and costs with the probate court. After trial the judge denied the request in her decree, reasoning in toto that "[t]he [c]ourt cannot find the action was brought in bad faith or that the [p]etition to [r]emove was without legal merit." The guardian filed a timely notice of appeal to challenge the denial of her request for attorney's fees. The petitioner did not cross-appeal.

Discussion. The guardian argues that the judge abused her discretion when she denied the guardian's request for attorney's fees and costs under G. L. c. 215, § 45. That statute provides that "[i]n contested cases before a probate court . . . costs and expenses in the discretion of the court may be awarded to either party . . . as justice and equity may require." G. L.

3

c. 215, § 45.  The probate court judge thus has the discretion to determine whether, under the circumstances, fees should be allowed, see Greene v. Cronin, 314 Mass. 336, 345 (1943), and our review of an order denying a requested fee award is for abuse of discretion.  See Matter of the Estate of King, 455 Mass. 796, 805 (2010).  We will reverse only on a finding that the judge made a "'clear error of judgment in weighing' the factors relevant to the decision" (citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

Here the guardian takes issue with the judge's rationale, wherein the judge stated that the petition was not brought in bad faith, and was not devoid of legal merit.  She suggests that the judge's rationale is inconsistent with the judge's findings that the petitioner (1) failed to present sufficient evidence that he was the child's de facto parent, (2) failed to prove that the maternal aunt was unfit, and (3) failed to prove that removing the maternal aunt as guardian would be in the child's best interests.  However, given the discretion conferred on the probate judge, her "award or denial [of fees] may be presumed to be right and ordinarily ought not to be disturbed."  Old Colony Trust Co. v. Third Universalist Soc'y of Cambridge, 285 Mass. 146, 151 (1934).  Furthermore, while it is true that the scope of discretion under § 45 is broad, it is also the case that "[s]ome judges have used bad faith, or its absence, as a

4

touchstone in determining whether to make an award under § 45." Matter of the Estate of King, 455 Mass. at 804.  In other cases, "the reasons for the trial judge's award of fees and costs has not been indicated, although on appeal, the court has stated that its review found no abuse of discretion in the award."  Id. at 805, and cases cited.

In light of our relatively undemanding standard of review, we conclude the judge acted within her discretion in not ordering payment of fees.  We do not read the judge's fee rationale as inconsistent with her prior findings, but merely as a discretionary judgment that given the facts relevant to the petitioner's challenge, justice and equity did not require an award of fees.  The judge said as much in denying the guardian's request.  We do not read the judge's rationale as applying an incorrect legal standard, but merely as using the absence of bad faith, and her conclusion that the petition to remove was not devoid of legal merit, as guideposts.  Accordingly, we affirm the denial of the guardian's request for fees.

The guardian also requests attorney's fees for this appeal, as well as costs incurred in defense of the petitioner's motion for leave to file a supplemental appendix.[2]  As the guardian has been unsuccessful on appeal, her request for appellate

_____

[2] The petitioner's motion for leave to file a supplemental appendix is denied.

5

attorney's fees is denied, with one exception. The petitioner-appellee's principal appellate brief made arguments that were not responsive to the single appellate issue that the guardian raised, and that instead contained inappropriate requests for alternative, affirmative relief. Inasmuch as there was no cross appeal, this aspect of the appellee's briefing (which constituted most of the brief) was entirely without merit, and the guardian filed an appropriate reply brief to point out same.

Accordingly, we award the guardian appellate fees incurred in connection with the filing of the appellant's reply brief. The guardian shall file with this court and serve on the petitioner a submission detailing and supporting the amounts of reasonable attorney's fees and costs incurred in connection with the filing of her reply brief, in accordance with the procedure described in <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004).[3]

<u>Decree affirmed</u>.

By the Court (Rubin,
Englander & D'Angelo, JJ.[4]),

Assistant Clerk

Entered: May 28, 2024.

---

[3] The petitioner shall have fourteen days thereafter to respond.

[4] The panelists are listed in order of seniority.